MARY A. MANLEY, RESPONDENT, *v.* FRANCIS H. LEGGETT AND OTHERS, APPELLANTS.

*Nuisance — obstruction of a street by a line of wagons used in a neighbor's business — injunction to prevent it.*

One Manley owned premises upon a business street in New York city, a few doors beyond which were the premises of a firm occupying a large mercantile house; a delay in the delivering of goods to which latter premises caused a line of trucks and wagons to form in the street which extended in front of and prevented free access to the premises of Manley.

*Held,* that Manley was entitled to access to her premises, and could not be deprived of it upon the plea that the firm were only using the street to receive or send out goods.

That if goods came faster than the staff of employees in the mercantile house could dispose of them, then it was the duty of the firm to employ more men.

APPEAL by the defendants, Francis H. Leggett, Albert H. Jones and Lewis Wallace, from an order of the Special Term, entered in the office of the clerk of the city and county of New York on the 15th day of June, 1891, restraining the defendants from occupying certain sidewalks on West Broadway and Franklin street, in front of their premises, at the north-west corner of West Broadway and Franklin street, in the city of New York, or permitting the same to be occupied by trucks, vehicles or bridges, and also from occupying the roadway, in front of plaintiff's premises, by trucks or vehicles, and from allowing them to stand in front of plaintiff's premises.

The affidavits read upon the motion for an injunction tended to show that the defendants carried on an extensive business upon the same street upon which the plaintiff's premises were situated, and at a distance of fifty-five feet therefrom; that the sidewalks were much obstructed by trucks and vehicles and the ordinary devices used for loading and unloading goods used in the defendants' business; that there was delay in the delivery of freight to the defendants, and that trucks waiting their turn formed a line which extended beyond plaintiff's premises and prevented the access to them of trucks used by her tenants.

*Noah Davis*, for the appellants.

*Nelson S. Spencer*, for the respondent.

BARRETT, J.:

No point was made upon the argument of this appeal as to the propriety of the injunction so far as it restrains the unlawful use of the sidewalk in front of the defendants' premises. The appellants' argument was confined to criticism of that part of the injunction which restrains the defendants from occupying the road-way in front of the plaintiff's premises. We think the appellants' contention on this head is well founded, and that the injunction with regard to the road-way should be modified. The plaintiff has in this particular failed to make out a case for an injunction *pendente lite* within the principles enunciated in *Callanan* v. *Gilman* (107 N. Y., 360), and the cases there cited.

After reading the affidavits upon both sides it is impossible to say that the plaintiff has clearly established such a continuous and extensive use of the road-way in front of the plaintiff's premises as to constitute a nuisance. Temporary use of the road-way, there as elsewhere, is inevitable, and the question is, was the actual use, under the circumstances, excessive and unreasonable? That question is so doubtful, upon the papers, as matter of fact, that the plaintiff should have been remitted for its solution to a trial at Special Term.

A point is made that the injunction was irregular in not requiring an undertaking as prescribed by section 620 of the Code. We have no means of knowing whether this point is well taken as matter of fact. There is nothing in the Code which requires the

direction as to the undertaking to be embodied in the injunction order. For aught that appears upon this record, a proper undertaking was duly given. But even if failure upon that head affirmatively appeared upon the record, the irregularity could be cured *nunc pro tunc*, and even the General Term could provide for the giving of such security upon terms. (*N. Y. Attrition Pulverizer Co.* v. *Van Tuyl*, 2 Hun, 373; *Pratt* v. *Underwood*. 4 N. Y. Civ. Pro. Rep., 167.)

The order appealed from should be modified by striking out so much of the injunction as relates to the road-way in front of the plaintiff's premises, and, as modified, affirmed, without costs of this appeal.

Van Brunt, P. J. :

I concur. But I do not think that the plaintiff may not be entitled to relief because of the improper use of the road way by the defendant. The plaintiff is entitled to access to her premises, and the defendants cannot be permitted to deprive her of that access under the plea that they are only using the street to receive goods sent or coming to their store. If the goods come faster than their staff of employees can receive them, they must employ a larger staff so that the plaintiff is not interfered with unreasonably in her tenants access to her premises.

Andrews, J., concurred.

Order modified as directed by opinion, and, as modified, affirmed, without costs of this appeal.