HOWLEY et al. v. PRESS et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. INJUNCTION—SECURITY BY PLAINTIFF.

    A temporary injunction cannot be awarded in favor of a plaintiff, other than a public official or municipal corporation, without the giving of the security required by Code Civ. Proc. § 620, providing that a party applying for an injunction must give an undertaking to the effect that plaintiff will pay to the party enjoined such damages, not exceeding a specified sum, as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 323, 324.]

2. APPEAL AND ERROR—REVIEW—AMENDMENT OF PROCEEDINGS—SECURITY ON INJUNCTION—UNDERTAKING NUNC PRO TUNC.

    Where an injunction is awarded without the giving of security required by Code Civ. Proc. § 620, providing that the party applying for an injunction must give an undertaking to the effect that he will pay the party enjoined the damages he may sustain by reason of the injunction if the court finally decides that the plaintiff was not entitled thereto, the plaintiff may, on appeal by defendant, offer to give such security, and permission may be given him to give the undertaking nunc pro tunc.

3. PLEDGES—RESTRAINING SALE BY PLEDGEE—REMEDY AT LAW.

    In an action by a pledgor who claims that the debt has been paid to restrain a sale of the property pledged, a complaint which fails to allege that defendant is insolvent and unable to respond in damages, or that the property threatened to be sold does not have an ascertainable value, does not state a cause of action, since it fails to show that plaintiff has no adequate remedy at law.

Appeal from Trial Court, New York County.

Action by Patrick J. Howley and P. J. Howley, Incorporated, against Charles Francis Press and the Waverly Bindery. From an order granting a preliminary injunction, defendants appeal. Reversed, and motion for injunction denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Charles E. Francis, for appellants.

HOUGHTON, J. The plaintiff has obtained an injunction during the pendency of the action restraining the defendants from disposing of certain wood cuts, electrotypes, and plates of sheet music and songs which it holds as security for an indebtedness, and which it threatens to sell notwithstanding, as is claimed, the indebtedness has been paid. No security was given or required of the plaintiff. Section 620 of the Code of Civil Procedure provides that a party applying for an injunction must give an undertaking executed by himself or sureties as the court or judge may direct, to the effect that the plaintiff will pay to the party enjoined such damages not exceeding a specified sum as he may sustain by reason of the injunction, if the court finally

decides that the plaintiff was not entitled thereto. There is no exception to this rule, except in favor of certain public officials and municipal corporations.

The plaintiff has not appeared on this appeal, and does not offer to give such security. Had it done so and had the papers otherwise been sufficient, the defect could have been cured by granting permission to give an undertaking nunc pro tunc. Manley v. Leggett, 62 Hun, 562, 17 N. Y. Supp. 68. But the papers upon which the injunction was granted do not show any ground for injunctive relief. There is no allegation that the defendant is insolvent and unable to respond in damages, or that the property threatened to be sold does not have an ascertainable value. If the defendants should wrongfully sell plaintiff's property in alleged satisfaction of a lien which has been paid, plaintiff can be adequately compensated by money damages which it can recover.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.