HENRY C. DEICHMILLER and Another, Plaintiffs, *v.* HENRY R. GRINDLE and Others, Defendants.

Supreme Court, Monroe County, October 18, 1927.

Attachment — action in aid of attachment — complaint alleging facts showing fraudulent assignment by non-resident defendant states cause of action — equity will intervene to protect rights of attaching creditor in aid of warrant of attachment — fact that security was not filed pursuant to Civil Practice Act, § 886, in stay of proceedings upon execution does not invalidate stay — court had jurisdiction and order was voidable only — injunction pendente lite granted.

A complaint in an action in aid of attachment states a good cause of action which alleges that one of the plaintiffs commenced an action for a specific sum of money against defendant and had a warrant of attachment issued therein directing the sheriff to retain sufficient property within the county to satisfy any judgment obtained in the action; that the sheriff duly attached the amount of a judgment which defendant had previously obtained against plaintiffs, but was prevented from executing the warrant by reason of an assignment by defendant to a third party without consideration and in pursuance of a scheme between defendant and said third party to defraud the creditors of defendant, a non-resident; and that neither defendant who is claimed to have been insolvent at the time of the assignment, nor his assignee have property within the State and the plaintiffs have no adequate remedy at law.

Equity will intervene to protect the rights of an attaching creditor, in aid of a warrant of attachment, against the consummation of a fraudulent scheme of an insolvent non-resident who seeks to deprive a creditor of an opportunity to collect in the event that his claim results in a judgment, notwithstanding the fact that judgment upon the claim is not first procured and execution thereon returned unsatisfied, and though the lien attaches only to equitable assets not subject to manual delivery.

The fact that no security was filed pursuant to section 886 of the Civil Practice Act in the stay of proceedings upon the execution under the order to show cause in this action did not invalidate the order, for the court had jurisdiction and the order was voidable only, particularly where defendants did not move to vacate the stay and, until vacated, it was defendants' duty to obey it.

Since this is a case where injunctive relief may be granted, an injunction *pendente lite* should issue.

MOTION by the plaintiffs for an injunction *pendente lite*.

*William J. Maloney,* for the plaintiffs.

*Werner, Harris & Buck* [*Glen L. Buck* of counsel], for the defendants Grindle and Stiegelmeyer.

RIPPEY, J.   On April 16, 1926, defendant Stiegelmeyer obtained and docketed in Monroe county, N. Y., a judgment against plaintiffs for $2,463.68.   On April 20, 1926, an assignment of this judgment dated April 19, 1926, from Stiegelmeyer to defendant Grindle was recorded in the Monroe county clerk's office.   An execution was issued to the defendant sheriff subsequent to May 11, 1927, and a levy was made thereon upon real and personal property of plaintiffs which is valued at more than enough to satisfy the judgment.

This action is brought in equity to set aside such assignment as fraudulent and to restrain collection of the judgment on the execution outstanding.   The complaint shows that an action was commenced in Monroe county by plaintiff Henry C. Deichmiller against defendant Stiegelmeyer on May 11, 1927, to recover upon contract the sum of $4,797.02 and interest; that a warrant of attachment was duly issued therein whereby the sheriff of Monroe county was directed to attach and retain sufficient property within Monroe county to satisfy any judgment obtained in such action; that the sheriff duly attached said judgment for $2,463.68 and filed notice and took such other proceedings as were necessary in executing such warrant except as he was prevented from so doing by defendant Grindle; that the assignment to Grindle was without consideration and was made in pursuance of a scheme between Grindle and Stiegelmeyer to hinder, delay and defraud the creditors of Stiegelmeyer, a non-resident, who is alleged to have been insolvent at the time of such assignment and to be still insolvent; that neither Grindle nor Stiegelmeyer has property within the State of New York and that plaintiffs have no adequate remedy at law.   The complaint sufficiently states a cause of action.

Under the authority of *Fidelity & Deposit Co. of Md.* v. *Hickler* (198 N. Y. Supp. 499) defendants claim that this action cannot be maintained because the judgment in *Stiegelmeyer* v. *Deichmiller,* having been assigned to Grindle before the warrant of attachment issued, is not subject to attachment under the broad general rule that attachment before judgment can reach equitable interests only when capable of manual delivery.   (*Hess* v. *Hess,* 117 N. Y. 306.) Unquestionably the legal title to the judgment by virtue of the assignment was in Grindle and only an equitable title, if any, was in Stiegelmeyer, against whose property the attachment issued. Stiegelmeyer and Grindle were both non-residents and the former

is insolvent. Both are alleged to have entered upon a fraudulent scheme to procure collection on the judgment against Deichmiller and remove the proceeds from the State of New York and dispose of the same, thus making it impossible for Deichmiller, a creditor, to collect his just claims against Stiegelmeyer. A part of said scheme was to fraudulently cause the assignment from Stiegelmeyer to Grindle to be executed and recorded, Stiegelmeyer still being, in fact, the owner of said judgment. The facts here bring this case within one of the exceptions to the rule laid down in the *Hickler* case. Equity will intervene to protect the rights of an attaching creditor, in aid of the warrant of attachment, against the consummation of a fraudulent scheme of an insolvent non-resident who seeks to fraudulently obstruct the legal processes of the court and deprive the creditor of an opportunity to collect in the event that his claim results in a judgment even though judgment upon the claim is not first procured and execution thereon returned unsatisfied and though the lien attaches only to equitable assets not subject to manual delivery. (*People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252; *Hart* v. *Clarke & Co.,* 194 id. 403.)

Prior to the argument of this motion, due service was complete in both actions; the notice of attachment subjects the judgment to a creditor's lien as of May 11, 1927, sometime prior to the commencement of this action, and defendant Stiegelmeyer has appeared generally.

Defendants assert that the stay of proceedings upon the execution under the order to show cause herein was void because security was not filed as required by section 886 of the Civil Practice Act. The court had jurisdiction and the order was not void. It was voidable only. No motion was made by defendants to vacate the stay and, until vacated, it was the duty of defendants to obey it no matter how erroneous it may have been. (*People ex rel. Davis* v. *Sturtevant,* 9 N. Y. 263; *Ketchum* v. *Edwards,* 153 id. 534.)

This is a case where injunctive relief may be granted (Civ. Prac. Act, § 878) upon compliance with the provisions of section 886 of the Civil Practice Act as to security.

The motion should be granted and security as required by section 886 of the Civil Practice Act directed filed.

So ordered.