Joseph M. Conroy, J.
Motion by the intervenor-respondent for an assessment of damages under section 894 of the Civil. Practice Act.
On September 2, 1958, an order was entered in this court vacating petitioners’ order of certiorari, dismissing their peti *741 tion and confirming the determination of the Board of Standards and Appeals with respect to a building variance. Petitioners duly served and filed a notice of appeal from that order.
By order to show cause signed by a Justice of the Appellate Division on September 24, 1958, petitioners moved for an order “ enjoining and restraining the Intervenor-Respondent Michael R. Jordan, his agents, employees, assistants, partners or others, pending determination of the appeal in the above entitled proceeding and of the issues therein involved from the levelling and excavating and constructing any building or improvements ” upon premises therein described. The order to show cause contained a stay pending determination of the motion. By order entered October 15, 1958, petitioners’ motion was granted by the Appellate Division. That order provided, in pertinent part, as follows: “It is Ordered that the said motion be and the same hereby is granted on condition that appellants be ready to argue or submit the appeal at the December term, beginning Monday, November 24 (for which term the appeal is ordered to be placed on the calendar), and on the further condition that appellants, within five days after the entry of the order hereon, file an undertaking for $7,500, with corporate surety, as security for any damages that the intervenor-respondent may sustain if the order appealed from be affirmed or the appeal therefrom be dismissed.”
By order to show cause dated October 17, 1958, petitioners moved to reargue their prior motion for a stay, the basis for this motion being that the amount of the undertaking was unnecessarily large. This order to show cause also enjoined the intervenor-respondent pending determination of the motion for reargument. This motion was denied on November 5, 1958. On November 10, 1958, an undertaking in the required amount was filed. That undertaking provided, in material part, as follows:
1 ‘ The above named Appellants having applied to one of the Justices of this court for cm Injunction in the above entitled action, restraining and enjoining the Intervenor-Respondent, miohael r. Jordan, as is more fully set forth in the moving papers in this proceeding.
“ Now, therefore pursuant to the Statute in such case made and provided, the standard accident insurance company * * * hereby undertakes in the sum of *' * ($7,500.00) * * * that the Appellants will pay to the IntervenorRespondent so enjoined, such damages, not exceeding the before mentioned sum, as he may sustaiu by reason of the injunction, *742 if the Court finally decides that the Appellants are not entitled thereto; such damages to be ascertained and determined by the Court, of by a Referee appointed by the Court, or by a writ of inquiry or otherwise as the Court shall direct.” (Emphasis supplied.)
The order of Special Term, dated September 2, 1958, was unanimously affirmed by order of the Appellate Division dated February 16, 1959 ( 7 A D 2d 927).
Several grounds are advanced why this motion to assess damages should be denied. Those worthy of mention are as follows: (1) since the late filing of the bond did not stay the intervenor-respondent from building, but his failure to build was his voluntary act, he may not have recourse against the bond; (2) the order of the Appellate Division was not an injunction within the provisions of section 894 of the Civil Practice Act, but was rather a stay pending appeal; and (3) that there is no determination that the petitioners were not entitled to their temporary stay.
None of those grounds has merit. The intervenor-respondent was stayed successively by the order to show cause signed by a Justice of the Appellate Division on September 24, 1958; by the order of the Appellate Division dated October 15, 1958; by the stay contained in the order to show cause dated October 17, 1958, which initiated the motion for reargument and which remained effective until that motion was denied on November 5, 1958. The practical effect of the stay obtained from October 17 to November 5 was to extend the time for the filing of the bond to five days after the motion for reargument was denied. Such being the case, the filing of the bond on November 10 was timely. Even if it were not, however, the intervenor-respondent was still under the duty to obey the order enjoining him. A failure to file the undertaking within the time stated did not render that order void, but voidable only. (Deichmiller v. Grindle, 130 Misc. 752, 754; see, also, Manley v. Leggett, 62 Hun 562.) Certainly, neither petitioners nor the surety can be heard to complain that the intervenor-respondent honored the injunction although the undertaking, ordered to be filed for his protection, had not been filed.
Whether the Appellate Division order of October 15, 1958, be deemed an injunction within the provisions of section 894 of the Civil Practice Act is immaterial for the bond filed pursuant to the terms of the order of October 15 expressly provided that if the court finally decided that petitioners were not entitled to the injunction they were to pay damages not exceeding the *743 face amount of the bond, such damages to “be ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry, or otherwise, as the court shall direct ’ ’, the precise language of section 894.
The final argument, that is, that there is no determination that the petitioners were not entitled to their temporary stay, is specious. The Appellate Division order of October 15 expressly provided that the undertaking was to be filed “ as security for any damages that the intervenor-respondent may sustain if the order appealed from [i.e., the order of September 2d] be affirmed or the appeal therefrom be dismissed.” The bond was filed to give effect to that order and petitioners enjoyed the benefits thereof until the order of Special Term was affirmed on February 16, 1959. Such being the case, the intervenor-respondent has the right to proceed against the bond as he has for any damages which he might have sustained by reason of the injuction pending determination of the appeal.
Accordingly, the motion is granted and the matter respectfully referred to an Official Referee to assess the damages, if any, and to report thereon.
Submit order.