## (September 26, 1962)

■ Greenwich Towers Associates, Respondent, v. McLean, Grove & Company, Inc., et al., Appellants.— Order, entered on August 21, 1962, unanimously reversed and vacated, upon the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellants, and motion by plaintiff for temporary injunction remanded and referred to the trial court. Temporary injunctive relief should not have been granted to the plaintiff except upon the condition of the giving by it of security as provided by law. (Civ. Prac. Act, § 819; 10 Carmody-Wait, New York Practice, Injunctions, p. 623, § 63; *Howley* v. *Francis Press,* 127 App. Div. 646; *Smith* v. *Pacific Improvement Co.,* 181 App. Div. 968.) In any event, the right to such relief here, and the measure and terms thereof, if any, to be granted to the plaintiff, depends upon the exploration and resolving of disputed issues. Included, *inter alia,* is the question of whether or not the public interest will be jeopardized in a substantial way by any restraint imposed upon the defendants in connection with

their construction work. So, too, it is a question that even if defendant is not creating more than necessary disturbance, the balance of public convenience may require that such disturbance not be limited as to certain hours. Under the circumstances, we would ordinarily hold that the matter of an injunction should await a trial and set the matter down for an early trial. (See *Winfield Drug Stores* v. *Bellmore Sales Corp.*, 11 A D 2d 648; 10 Carmody-Wait, New York Practice, Injunctions, pp. 529, 545, 549, §§ 13, 20, 22.) Here, however, this action has already been reached for trial and the trial thereof is presently in progress; and we have concluded that the trial court, having the parties and their proofs before it, should be placed in a position to grant the plaintiff some temporary injunctive relief if advisable or necessary in the interests of the health and well-being of the plaintiff's tenants. Therefore, we have referred the motion to the trial court. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.