■ DUANE SALES, INC., Respondent, v HARRY R. HAYES et al., Individually and Doing Business as SKY FOUR REALTY Co., Appellants. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered August 27, 1981 in Albany County, which granted plaintiff's motion for a preliminary injunction. This is an action for a permanent injunction brought by plaintiff, the operator of a toy store located in the Loudon Shopping Plaza and leased from defendants, to restrain defendants from interfering in any way, directly or indirectly, with the display and storage of plaintiff's goods, wares and merchandise at the rear of its premises, provided plaintiff does not interfere with the entrance to the rear of the premises of any other tenant of defendants' plaza. A preliminary injunction to that effect was granted to plaintiff pursuant to CPLR 6301. No undertaking was required of plaintiff prior to the granting

of this relief. Defendants contend that the grant of a preliminary injunction without providing for an undertaking is improper. CPLR 6312 (subd [b]) provides, in part: "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction". We agree that an undertaking should have been required in connection with the grant of a preliminary injunction to plaintiff. However, the absence thereof only rendered the injunction voidable. Defendants should apply for an undertaking to Special Term or move there to vacate the injunction (*Olechna v Town of Smithtown,* 51 AD2d 1036). Order affirmed, with costs. Sweeney, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur; Weiss, J., not taking part.