■ JOANN MULLER, Respondent, v ALFRED MULLER, Appellant. [650 NYS2d 290] —In an action for a divorce and ancillary relief, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Donovan, J.), dated July 24, 1995, which, *inter alia,* equitably distributed the parties' property, (2) an order of the same court (Shapiro, J.), entered September 20, 1995, which granted the plaintiff's motion to hold him in contempt for noncompliance with certain provisions of the judgment of divorce and to modify the judgment of divorce by granting the plaintiff, *inter alia,* exclusive possession of the former marital residence, (3) an order of the same court (Shapiro, J.), entered November 30, 1995, which, *inter alia,* denied his motion to modify the judgment of divorce to provide that the plaintiff would be solely responsible for the upkeep of the marital residence, and to vacate so much of the order entered September 20, 1995, as held him in contempt, and (4) an order of the same court (Donovan, J.), entered December 1, 1995, which denied his motion, *inter alia,* to vacate the judgment of divorce and the stipulation of settlement and granted the plaintiff's cross application for counsel fees in the amount of $2,000.

Ordered that the appeal from the judgment is dismissed for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8, 670.10); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We note that so much of the appeal from the judgment of divorce as was based upon the parties' stipulation of settlement was dismissed by decision and order of this Court dated March 25, 1996. The remainder of the appeal from the judgment is also dismissed since the defendant did not address any issues regarding the judgment in his brief.

The parties, in open court with their attorneys present, entered into a stipulation of settlement concerning equitable distribution. The stipulation provided, *inter alia,* that the former marital residence would be put on the market for sale as soon as possible, and that the defendant would have exclusive possession of the home and pay for all of its expenses through December 31, 1995, unless the sale of the home occurred prior to that date. The defendant, however, was to fully cooperate with the sale process while he was in possession. This, he admittedly did not do because he believed the stipulation of settlement was unconscionable.

The plaintiff thereafter moved, *inter alia,* to hold the defendant in contempt for his failure to comply with the stipulation and the judgment of divorce requiring him to cooperate in the sale of the marital residence. The court granted this motion, and the defendant thereafter moved to vacate so much of the order as found him in contempt and to modify the judgment of divorce by making the plaintiff solely responsible for the upkeep of the marital residence pending the sale. Upon the denial of this motion the defendant moved to vacate the judgment of divorce and the parties' stipulation. We now affirm the orders in their entirety.

The defendant contends that the contempt finding against him, without a hearing and without legal representation, deprived him of his right to due process. We disagree. The defendant's assertion is belied by the record which indicates that the defendant had newly retained counsel on the return date of the plaintiff's motion to hold him in contempt and that his new counsel could have, but did not seek an adjournment of the plaintiff's motion. Further, the defendant's admitted refusal to comply with the judgment presented no issue of fact so as to require a hearing *(see, Haber v Haber,* 225 AD2d 664; *Coronet Capital Co. v Spodek,* 202 AD2d 20, 29; *Matter of Benny v Benny,* 199 AD2d 384, 388). Accordingly, the order holding him in contempt, entered without a hearing, was proper.

The defendant's motion to vacate the judgment of divorce or the agreements reached in the stipulation of settlement concerning financial matters was frivolous in that he failed to demonstrate any change in circumstances warranting vacatur.

Accordingly, the court properly required the defendant to pay the plaintiff's counsel fees for responding to his motion (22 NYCRR 130-1.1; *Brancoveanu v Brancoveanu,* 179 AD2d 614).

The defendant's remaining contention is without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.