■ Biagio Guiliano et al., Respondents-Appellants, v Raymond G. Carlisle, Appellant-Respondent, et al., Defendants. [653 NYS2d 635] —In an action to recover damages, *inter alia*, for breach of contract and fraud in connection with the sale of real property, the defendant Raymond G. Carlisle appeals from an order of the Supreme Court, Rockland County (Miller, J.), entered June 8, 1995, which determined that he was in criminal and civil contempt of a prior decision of the same court (Stolarik, J.), dated September 27, 1993, imposed a fine of $1,000 for the criminal contempt, and directed a hearing on the plaintiffs' actual damages and the fine to be imposed on the civil contempt, and as limited by his brief, from so much of an order of the same court (Miller, J.), dated July 31, 1995, as directed that he deposit into court the principal sum of $127,750.63, and pay to the plaintiffs attorney's fees in the sum of $3,500 and accountant's fees in the sum of $1,000, and the plaintiffs cross-appeal, as limited by their brief, from so much of the order dated July 31, 1995, as awarded attorney's fees in the sum of $3,500 and accountant's fees in the sum of $1,000. Justice Friedmann has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order entered June 8, 1995, is affirmed; and it is further,

Ordered that the order dated July 31, 1995, is modified, on the law, by deleting therefrom the provisions which awarded the plaintiffs attorney's fees in the amount of $3,500 and accountant's fees in the amount of $1,000, and substituting therefor provisions awarding attorney's fees in the amount of $8,128.70 and accountant's fees in the amount of $2,067.55; as so modified, the order dated July 31, 1995, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court properly determined that the defendant Raymond G. Carlisle was in civil and criminal contempt of a prior decision of the same court dated September 27, 1993 (Judiciary Law § 750 [A] [3]; § 753 [A] [2]; *see also, McCain v Dinkins*, 84 NY2d 216, 226; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *amended* 60 NY2d 652).

A hearing on the contempt application was not required as Carlisle's papers failed to raise any triable issue of fact or dispute the documentary evidence (*see, Sassower v Sheriff*, 824 F2d 184, 189-190). The fact that the decision dated September 27, 1993, was never embodied in an order did not preclude a finding of contempt (*see, People ex rel. Platt v Rice*, 144 NY 249, 260-261). Moreover, the plaintiffs' failure to post an undertaking as required by that decision constituted a mere irregularity which only made the injunction voidable until either the undertaking was provided or the injunction vacated (*see, Duane Sales v Hayes*, 87 AD2d 730, 731; *Olechna v Town of Smithtown*, 51 AD2d 1036; *Deichmiller v Grindle*, 130 Misc 752, 754).

The decision dated September 27, 1993, required Carlisle to deposit into court all proceeds from the sale of any condominium units, less any reasonable and necessary closing expenses and/or fees. Contrary to the plaintiffs' contention, the evidence demonstrated that Carlisle paid $112,000 to satisfy a mortgage lien prior to the sale of the condominium units, and therefore the Supreme Court properly credited him with that payment. However, the court erred in reducing the amount of counsel and accountant fees to be paid by Carlisle. Where the complaining party proves the measure of his "[c]ounsel fees and other professional fees [which] are properly included as items of * * * costs and expenses" caused by another's contempt, the court should award the sum documented, unless the opposing party can prove with particularity that he should be obliged to pay less, or the court articulates its reasons for eliminating or diminishing certain fees (*Holskin v 22 Prince St. Assocs.*, 178 AD2d 347, 348; *see also, Kumble v Windsor Plaza Co.*, 161 AD2d

259; *Matter of Rahmey v Blum*, 95 AD2d 294, 301, citing *Northcross v Board of Educ.*, 611 F2d 624, 637, *cert denied* 447 US 911; Judiciary Law § 773). Here, the plaintiffs documented counsel fees of $8,128.70 and accountant's fees of $2,067.55. Carlisle did not contest these amounts, which are prima facie reasonable. Accordingly, the documented fees should have been awarded.

We have considered the parties' remaining contentions and find them to be without merit. Altman, J. P., Friedmann, Goldstein and McGinity, JJ., concur.