■ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [676 NYS2d 598] —In an action for a separation or a divorce, the plaintiff wife appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 25, 1997, which (1) granted that branch of her motion which was for an award of counsel fees only to the extent of awarding her $7,500 upon an attorney being retained, (2) denied that branch of her motion which was for an award of accounting fees with leave to renew, (3) denied that branch of her motion which was for the appointment of a Referee to conduct discovery, (4) denied that branch of her motion which was to hold the defendant in contempt, and (5) referred those branches of her motion which were to direct the defendant to post security and for a money judgment on arrears to the trial court.

Ordered that the order is modified, by (1) deleting the provisions thereof which denied that branch of the motion which was to hold the defendant in contempt and referred to the trial court that branch of the motion which was for a money judgment on arrears and substituting therefor provisions granting those branches of the motion, and (2) deleting the provisions thereof which either denied the remaining branches of the motion with leave to renew or referred them to the trial court and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme

Court, Queens County, for further proceedings in accordance herewith.

The plaintiff wife and the defendant husband were married for 13 years when the wife commenced this action seeking a separation, or in the alternative, a divorce. By order dated August 17, 1993, the wife's motion for pendente lite relief was granted to the extent that the husband was directed to pay, *inter alia,* temporary maintenance and child support, the expenses of the marital home, tuition and tutor expenses, medical expenses, and interim counsel and accounting fees in the amount of $12,500. By order dated January 3, 1994, the court denied the husband's motion for a reduction in the pendente lite award and granted the wife's cross motion for leave to enter a money judgment for arrears. By order dated June 14, 1994, the court again denied the husband's motion to modify the pendente lite award. On June 21, 1994, the court granted the wife's motion to hold the husband in contempt of its earlier orders and directed his incarceration, with the ability to purge himself of the contempt by paying the wife the money owed in arrears. By order dated July 6, 1994, the court again granted a motion by the wife for leave to enter a money judgment for arrears which had accrued under the order dated August 13, 1993. Claiming that she had not received payment either of the arrears or interim counsel and accounting fees, the wife again moved to hold the husband in contempt. She also sought, *inter alia*, leave to enter a money judgment in the amount of $186,693.30 for arrears that had accrued, and additional interim counsel and accounting fees.

We agree with the wife's contention that the court should have determined that the husband was again in contempt of its prior orders. His failure to pay the court-ordered awards constituted prima facie evidence of a willful violation of those orders (*see,* Family Ct Act § 454 [3] [a]). Moreover, because the husband failed to raise a factual issue as to whether he was financially unable to make the required payments, a finding of contempt could be found without first conducting an evidentiary hearing (*see, Weiss v Weiss,* 216 AD2d 460; *Farkas v Farkas,* 209 AD2d 316; *Bowie v Bowie,* 182 AD2d 1049, 1050; *Rosenblitt v Rosenblitt,* 121 AD2d 375).

Furthermore, the court should have entered a money judgment for arrears against the husband. Entry of a judgment for arrears against a party in default is mandatory unless the defaulting party shows good cause for his or her failure to apply for relief from the judgment or order directing such payment, prior to the accrual of such arrears (*see, Osborne v Os-*

*borne,* 144 AD2d 350, 351; *Penziner v Penziner,* 123 AD2d 674, 676). Here, the husband admitted that he defaulted in several of his obligatory payments, and he failed to show good cause why he did not move to modify the pendente lite award after his application in 1994 and before the accrual of arrears. Under the circumstances, the wife was entitled to a money judgment for arrears.

There is, however, no reason to disturb the court's exercise of discretion in limiting the award of interim counsel fees to $7,500, and in denying additional interim accounting fees, particularly in view of the fact that the wife had already been awarded $7,500 in interim counsel fees and $5,000 in interim accounting fees (*see, Kristiansen v Kristiansen,* 144 AD2d 441; *Ahern v Ahern,* 94 AD2d 53).

The wife's remaining contentions are academic in light of our decision and order in *York v York* (250 AD2d 841 [decided herewith]), which affirmed an order which, in effect, dismissed the action.

The matter is remitted to the Supreme Court, Queens County, to determine the arrears the husband owes and the penalty, if any, warranted for his contempt in violating the past orders. Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.