■ In the Matter of VINCENT GARBITELLI, Respondent, v CELESTE BROYLES et al., Appellants. [684 NYS2d 292] —In a

proceeding to punish Celeste Broyles and Jerome Higgins for civil and criminal contempt, Celeste Broyles and Jerome Higgins appeal from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated August 14, 1997, which, *inter alia*, granted the petition based on their willful failure to comply with a prior order of the same court, dated September 7, 1996, and (2) an order of the same court, dated September 19, 1997, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated September 19, 1997, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 14, 1997, is affirmed, without costs or disbursements.

The affidavit submitted in support of the petition to punish the appellants for civil and criminal contempt established that the appellants had willfully disobeyed a lawful and unequivocal mandate of the Supreme Court commanding them to produce certain documents, and that this disobedience prejudiced the rights of the petitioner, who was the intended recipient of these documents. Accordingly, the essential elements of a civil and criminal contempt were established (*see,* Judiciary Law § 750 [A] [3]; § 753 [A] [3]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583). The appellants failed to submit any affidavits based on personal knowledge, and consequently failed to contradict the petitioner's allegations. They were thus properly adjudicated to be in contempt without a hearing (*see, e.g., York v York,* 250 AD2d 838; *Guiliano v Carlisle,* 236 AD2d 364; *Muller v Muller,* 233 AD2d 486). The appellants' arguments to the contrary are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.