■ ROURKE DEVELOPERS, INC., Respondent, v COTTRELL-HAJECK INC., Appellant. [727 NYS2d 667] —Cardona, P. J. Appeal from an order of the Supreme Court (Sheridan, J.), entered December 12, 2000 in Saratoga County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction.

This is an action for a permanent injunction brought by plaintiff, a residential subdivision developer, seeking to restrain defendant, a contractor, from interfering with the closings of certain parcels by withholding partial releases from a filed confession of judgment securing defendant's payment for infrastructure improvements. A preliminary injunction to that effect was granted by Supreme Court. Defendant argues, in this appeal, that the grant of a preliminary injunction without Supreme Court providing for an undertaking was improper and, therefore, the preliminary injunction should be vacated.

Significantly, when moving for a preliminary injunction, a plaintiff is required to post an undertaking in an amount fixed by the court (*see*, CPLR 6312 [b]) and this requirement may not be waived (*see*, *Smith v Boxer*, 45 AD2d 1054). Accordingly,

we agree with defendant that an undertaking should have been required. However, the absence thereof only rendered the injunction voidable, not void (*see, Duane Sales v Hayes*, 87 AD2d 730, 731; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6312:2, at 363). Since Supreme Court failed to require an undertaking in the instant matter, defendant's remedy is remittal "to Supreme Court for the purpose of fixing the amount of the [undertaking]" (*Cool Insuring Agency v Rogers*, 125 AD2d 758, 759, *appeal dismissed* 69 NY2d 1037; *see, Schwartz v Gruber*, 261 AD2d 526; *Duane Sales v Hayes, supra*, at 731; *City Store Gates Mfg. Corp. v United Steel Prods.*, 79 AD2d 671, 671-672).

Mercure, Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by adding thereto a provision that plaintiff shall post an undertaking as provided in CPLR 6312 (b) in an amount to be fixed by the Supreme Court following a hearing, unless the parties stipulate to an amount therefor; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.