■ JOSEPH CASSARINO, Appellant, v MICHELLE CASSARINO, Respondent. [50 NYS3d 558]—

Appeal by the plaintiff from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated November 21, 2014. The order, insofar as appealed from, denied the plaintiff's motion to hold the defendant in civil contempt for violating provisions of a separation agreement dated April 9, 2012, which was incorporated but not merged into the parties' judgment of divorce dated August 6, 2012, and for an award of attorney's fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to hold the defendant in civil contempt for violating provisions of the separation agreement dated April 9,

2012, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The parties divorced in 2012. In the parties' separation agreement dated April 9, 2012, which was incorporated but not merged into the judgment of divorce, the parties noted that their main source of income was rental income derived from three commercial properties owned by the parties' jointly owned company, Springbrook Realty Corp. (hereinafter Springbrook Realty). The settlement agreement provided that until the parties sold the marital residence, they would each be permitted to charge $1,500 per month to their joint credit cards and, upon the sale of the marital residence, the proceeds from that sale would be used to pay off their joint credit cards. The settlement agreement further provided that, after the parties sold the marital residence, they would use the rental income from the three commercial properties to pay Springbrook Realty's expenses and then share equally in the company's remaining income.

By amended order to show cause, the plaintiff moved to hold the defendant in civil contempt for violating provisions of the separation agreement and for an award of attorney's fees, arguing that the defendant had taken over the finances of Springbrook Realty, had failed to pay off the credit card debt in full after the marital residence had been sold, and had failed to share Springbrook Realty's income equally with him. The Supreme Court signed the amended order to show cause, noting that the motion would be heard "on papers only" and that there would be "no appearances." In opposition, the defendant admitted taking over the finances of Springbrook Realty, and did not address the allegations regarding the credit card debt and her failure to distribute Springbrook Realty's income equally. In the order appealed from, the court, inter alia, denied the plaintiff's motion. The plaintiff appeals.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (*Matter of Hughes v Kameneva*, 96 AD3d 845, 846 [2012]). "To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order which clearly expressed an unequivocal mandate, and that, as a result of the violation, a right or remedy of a party to the litigation was prejudiced" (*Matter of Philie v Singer*, 79 AD3d 1041, 1042

[2010]). "It is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party" (*id.* at 1042; *see El-Dehdan v El-Dehdan*, 26 NY3d 19, 35 [2015]). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2013], *affd* 26 NY3d 19 [2015]). "A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (*El-Dehdan v El-Dehdan*, 114 AD3d at 17; *see Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]; *Muller v Muller*, 233 AD2d 486, 487 [1996]; *Metzger v Metzger*, 206 AD2d 352, 353 [1994]).

Here, the plaintiff demonstrated that the defendant violated certain provisions of the separation agreement (*see Matter of Philie v Singer*, 79 AD3d at 1042). Through his affidavit, the plaintiff demonstrated that when the defendant took over management of Springbrook Realty's finances following the sale of the marital home, she refused to pay off their joint credit card debt and did not share the proceeds from Springbrook Realty's monthly rental income equally with him, thereby prejudicing his rights under the separation agreement (*see id.*). Although the Supreme Court found that the plaintiff had not met his burden, in part, because he did not exhaust other enforcement remedies before filing the instant motion, we note that Domestic Relations Law § 245 was amended, effective September 29, 2016, to remove the exhaustion requirement (L 2016, ch 365, § 1). The Legislature directed the amendment to "take effect immediately," and apply "to all actions whenever commenced as well as all judgements or orders previously entered" (*id.* § 2). Accordingly, the plaintiff's failure to show that he exhausted other enforcement remedies before seeking to hold the defendant in contempt does not bar him from obtaining that relief.

In opposition, the defendant did not refute the plaintiff's showing or offer evidence of a defense (*see El-Dehdan v El-Dehdan*, 114 AD3d at 17). Since the defendant did not "raise a factual dispute as to the elements of civil contempt, or the existence of a defense," the Supreme Court should have granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for violating provisions of the separation agreement (*id.*; *see Goldsmith v Goldsmith*, 261 AD2d at

577; *Muller v Muller*, 233 AD2d at 487; *Metzger v Metzger*, 206 AD2d at 353). Accordingly, we remit the matter to the Supreme Court, Dutchess County, to determine the extent of the plaintiff's financial losses caused by the defendant's contempt and to impose an appropriate fine (*see* Judiciary Law § 773).

The plaintiff's remaining contention, regarding the denial of his request for an award of attorney's fees, is without merit. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.