Olson v Olson (2019 NY Slip Op 08530)





Olson v Olson


2019 NY Slip Op 08530


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10442 350024/13

[*1] Stephanie Olson, Plaintiff-Respondent,
v
David Olson, Defendant-Appellant.


David Olson, appellant pro se.
Stephanie Scherr Olson, respondent pro se.



Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered November 1, 2018, which, after a hearing, held defendant in contempt for failure to comply with a pendente lite child support order and committed him to the New York City Department of Correction for 60 days or until he pays child support arrears in the amount of $81,575, unanimously affirmed, without costs.
In its October 25, 2016 pendente lite order, the court imputed income to defendant and found that he was capable of paying $3,625 per month as child support. In the order now on appeal, the court correctly determined that defendant's admitted failure to pay temporary child support constituted a knowing violation of a lawful court order, and that his conduct was calculated to, or actually did, defeat, impair, impede, or prejudice plaintiff's rights or remedies (Judiciary Law § 753[A][3]).
Defendant raises three issues on appeal, all of which we reject. First, contrary to defendant's contention, the court held a full evidentiary hearing on plaintiff's contempt motion. Furthermore, there is no statutory requirement that a motion for a downward modification be decided before a previously filed motion for contempt can be decided.
Second, defendant argues that DRL § 245 requires a showing that less drastic remedies would be ineffective before imposing incarceration as punishment for contempt. However, that statute was amended in 2016 and no longer requires such a showing (DRL § 245; see also Cassarino v Cassarino, 149 AD3d 689, 691 [2d Dept 2017]).
Third, defendant argues that the court erred in holding him in contempt because the Judiciary Law only permits a court to punish a party for civil contempt for non-payment of a sum the court has ordered him to pay "in a case where by law execution can not be awarded for the collection of such sum . . . " (Jud L § 753[A][3]). Here, however, plaintiff cannot avail herself of any other enforcement mechanisms for three reasons. First, enforcement of a money judgment might result in defendant's child support arrears being paid from marital assets, thus decreasing their availability for distribution. Second, even if the motion court accepted defendant's claim that he earned $17 per hour working part time at a Home Depot, income execution would be insufficient to collect the sum of child support awarded. Finally, plaintiff states in her brief, and defendant does not deny, that the motion court ruled on March 19, 2018 that income execution was unavailable.
Accordingly, the motion court properly issued, as punishment for defendant's contempt, an order of commitment directing that defendant remain in the custody of the New York City Department of Corrections for the lesser of 60 days or until he pays support arrears of $81,575 (Jud L §§ 753[A][1]; 774).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK