Jusino v Myers (2022 NY Slip Op 50779(U))

[*1]

Jusino v Myers

2022 NY Slip Op 50779(U) [76 Misc 3d 127(A)]

Decided on July 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DONNA-MARIE E. GOLIA, CHEREÉ A.
BUGGS, JJ

2021-195 K C

James Jusino, Petitioner-Respondent,
against
Gayther Myers and Carole Myers, as Trustees of the Myers Living
Trust, Appellants, New York City Department of Housing Preservation and Development,
Respondent. 

Law Offices of Lee M. Nigen (Lee M. Nigen of counsel), for appellants.
Mobilization For Justice (Justin R. La Mort of counsel), for petitioner-respondent.
Housing Litigation Bureau (Julia Lynn Wilson of counsel), for respondent (no brief filed).

Appeals from orders of the Civil Court of the City of New York, Kings County (Michael L.
Weisberg, J.), dated April 8, 2021 and September 23, 2021, respectively. The order dated April 8,
2021 granted tenant's motion to hold Gayther Myers and Carole Myers, as Trustees of the Myers
Living Trust, in civil contempt and for the assessment of civil penalties against them in an HP
proceeding. The order dated September 23, 2021, insofar as appealed from and as limited by the
brief, upon granting the branch of a motion by Gayther Myers and Carole Myers, as Trustees of
the Myers Living Trust, seeking leave to renew their opposition to tenant's contempt motion,
adhered to the original determination.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that the appeal from the order dated April 8, 2021 is dismissed, as that order was
superseded by the order dated September 23, 2021, made upon reargument and renewal; and
[*2]it is further,
ORDERED that the order dated September 23, 2021, insofar as appealed from, is affirmed,
without costs.
In this HP proceeding commenced by tenant against Gayther Myers and Carole Myers, as
Trustees of the Myers Living Trust (respondents), tenant and respondents entered into a consent
order of the Civil Court dated January 6, 2020 in which respondents agreed to repair all
outstanding violations issued by the New York City Department of Housing Preservation and
Development (HPD). Tenant subsequently moved, by order to show cause dated August 18,
2020, to hold respondents in contempt of court for failure to correct the outstanding violations
listed in the HPD reports and require them to comply with all of the terms of the January 6, 2020
order, and for the assessment of civil penalties against them. In an order dated April 8, 2021, the
court granted tenant's motion and set the matter down for a hearing on the amount of civil
penalties. Respondents moved for leave to reargue and renew their opposition to tenant's motion.
In an order dated September 23, 2021, the Civil Court granted the branches of respondents'
motion seeking reargument and renewal and, upon reargument and renewal, adhered to the
original determination. Respondents separately appeal from the April 8, 2021 order and from so
much of the September 23, 2021 order as adhered to the original determination. In their brief
submitted on the appeal from the September 23, 2021 order, they limit their arguments to why
tenant's motion should be denied upon renewal. 
Respondents did not initially submit any affidavits based on personal knowledge in
opposition to tenant's motion (see Matter of Garbitelli v Broyles, 257 AD2d 621 [1999]).
The allegations in the affidavit submitted by respondents on renewal were either too general to
rebut the very specific allegations made by tenant in his motion (see El-Dehdan v
El-Dehdan, 114 AD3d 4 [2013], affd 26 NY3d 19 [2015]; Jaffe v Jaffe, 44
AD3d 825 [2007]), or were irrelevant to the conditions that were the basis for tenant's motion.
The affirmation submitted by respondents' attorney contained similarly insufficient allegations
and, in any event, was made "upon information and belief," not personal knowledge.
Accordingly, the order dated September 23, 2021, insofar as appealed from, is affirmed.

WESTON, J.P., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2022