Mario Pittoni, J.
Motion by plaintiffs for an order striking the “First” separate and complete defense and paragraph “ Sixth” of the answer served on behalf of defendants Motor Vehicle Accident Indemnification Corporation and Juan Cruz is granted.
By stipulation, the attorneys for the parties limited the issues to be determined on this application to “ whether the filing of this summons was timely and, if not, whether the late filing is a jurisdictional defect or merely an irregularity curable in the court’s discretion.”
It is conceded that the summons was served upon Juan Cruz by substitute service (CPLR 308, subd. 4) on April 23, 1970, at 210 New York Avenue, Long Beach, New York, and that proof of service was filed with the clerk of the court on June 25, 1972.
CPLR 308 (subd. 4) provides that for substitute service “ proof of such service shall be filed within twenty days thereafter * * * service shall be complete ten days after such filing ”.
The record is clear, the proof of service was not timely served, as required by the statute (CPLR 308, subd. 4).
I hold, however, that this untimely service is not jurisdictional. It is an irregularity that may be corrected.
CPLR 304 states that “ An action is commenced and jurisdiction acquired by the service of a summons. ’ ’ This action was commenced with the delivery of the summons and cannot thereafter be defeated because of a belated filing of the proof of service (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.16). As stated by Dean Joseph M. McLaughlin in the Practice Commentary (McKinney’s Cons. Laws of N. Y, Book 7B, CPLR *733 308, pp. 211-212, ‘ ‘ the court should distinguish between the jurisdictional act, i.e., the service of process, and the evidence of that act, i.e., the proof of service. If service has been made in a proper fashion and jurisdiction thereby acquired, a court, in the exercise of a sound discretion, should be permitted to authorize a late filing of proof.”
The “ First Separate and Complete Defense ” and paragraph “ Sixth” of the answer of defendants Motor Vehicle Accident Indemnification Corporation and Juan Cruz, which sets up a defense of lack of personal jurisdiction of defendant Juan Cruz, is stricken.