OPINION OF THE COURT
Lawrence Newmark, J.
This action was originally commenced to recover for legal services rendered to the defendant. Upon the defendant’s failure to appear, a default judgment was entered against him on May 27, 1982. Plaintiff thereafter served defendant with a subpoena duces tecum in connection with enforcement proceedings. Defendant failed to appear at the time and place specified in the subpoena, and plaintiff then moved to punish him for contempt. By an order dated October 5,1982, Honorable Gerard D’Emilio (District Ct), the motion was granted and defendant was fined a total of $331, with several purging provisions. The order additionally provided that upon failure of the defendant to comply with the order, and upon proof by affidavit that more than 10 days have elapsed since personal service of the order, a warrant of arrest could issue at the discretion of the court.
The court’s order was served upon the defendant by substituted service (CPLR 308, subd 4) on October 11, 1982. On November 4, 1982 plaintiff filed with the court a proposed order of commitment (arrest) together with the original affidavit of service of the October 5, 1982 order. Also annexed was an affidavit reciting that more than 10 *526 days elapsed since personal service of the order and that the defendant has not complied therewith.
The procedural prerequisites for holding an individual in contempt and arresting him therefor are found in section 773 of the Judiciary Law. That section provides in pertinent part: “Upon a certified copy of the order imposing fine, together with proof by affidavit that more than ten days have elapsed since personal service thereof upon the of-. fender, and that the fine plus costs and expenses has not been paid, the court may issue without notice a warrant directed to the sheriff * * * The warrant shall command such officer to arrest the offender forthwith and bring him before the court, or a judge thereof, to be committed or for such other disposition as the court in its discretion shall direct.”
Upon review of this statute it seems clear that by using the term “personal service” the Legislature intended that all the methods of service listed in CPLR 308 be applicable. Such has been held to be the case with respect to other statutes where the term personal service is applicable, e.g., CPLR 2303. However, inasmuch as section 773 of the Judiciary Law authorizes arrest and imprisonment, the court believes that it should be strictly construed (see, generally, 22 Carmody-Wait 2d, § 140:4). To do so the court must review the requirements of CPLR 308 (subd 4). In this regard the court notes that CPLR 308 (subd 4) provides not only the method whereby service is made, but that the serving party must file proof of service within 20 days. Also, the statute provides that service is not complete until 10 days after filing.
While no cases have been found which directly incorporate the requirements of CPLR 308 (subd 4) into the contempt procedure, the court believes that such a result may be inferred from the legislative treatment of CPLR 2303. CPLR 2303 governs service of subpoenas and provides that a subpoena is to be served in the same manner as a summons. It is well settled that substituted service is permissible (2A Weinstein-Korn-Miller, NY Civ Prac, par 2303.03). In recognition of this fact, and in apparent recognition of the fact that all the provisions of CPLR 308 (subd 4) are generally applicable when substituted service is *527 used, the Legislature amended CPLR 2303 effective July 22, 1982 (L 1982, ch 618) so as to specifically provide that where subpoenas are served by substituted service, the filing of proof of service shall not be required and service shall be deemed complete upon the later of affixing or mailing. Since there has been no corresponding amendment to section 773 of the Judiciary Law, the court must conclude that where substituted service is used the provisions regarding filing proof of service and completion of service still apply.
When the additional time requirements mandated by CPLR 308 (subd 4) are included herein, it becomes apparent that the current application is premature. The court notes that personal service of the original order was made on October 11, 1982. Proof of service was not filed until November 4, 1982, a period in excess of 20 days. Of course, failure to file proof within 20 days is not jurisdictional and has been held to be a mere irregularity which is correctable by the court (Lopez v Quickset Printers, 70 Misc 2d 732). However, even if the court were to grant a nunc pro tunc order to November 1, 1982, a period of 21 days, due to the fact that the last day to file the summons fell on a Sunday (General Construction Law, § 25-a), service would not have been complete until November 11, 1982, and defendant’s time to perform the required act would not have expired until November 21, 1982. Since plaintiff’s application and affidavit were filed on November 3, 1982 it cannot contain the necessary allegations so as to authorize an arrest. Therefore, the plaintiff’s application is denied with leave to renew upon proper papers.