■ In the Matter of 17TH GLENVILLE CORPORATION, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GLENVILLE et al., Respondents. [625 NYS2d 792] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 27, 1994 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion for summary judgment dismissing the petition.

Petitioner previously commenced RPTL article 7 proceedings to contest the assessment of its property in the Town of Glenville, Schenectady County, for the tax years 1987-1988 through 1991-1992. Those proceedings were resolved in No-

vember 1991, and the parties entered into a written stipulation of settlement, *inter alia,* fixing the assessment on the property for the 1988-1989 to 1990-1991 tax years at $3,275,000, referred to as the "normal" or "base" assessment, and for the 1992-1993, 1993-1994 and 1994-1995 tax years at $2,900,000. With regard to the latter tax years, the instrument further provides that, in the event of a "general reassessment of all or substantially all of the tax lots in [the] Town for any of [the] tax years, the assessment * * * shall be $2,900,000 multiplied by the announced ratio of assessed value to full value". Finally, the agreement prohibits petitioner from contesting the 1992-1993 to 1994-1995 assessments of the property "provided that the assessment of such property is not increased from that provided in this stipulation", the only qualification being that if a portion of the property is demolished or destroyed by fire or other casualty loss and the assessor fails to "reduce the assessment in accordance with statutory provisions", petitioner is entitled to bring an RPTL article 7 proceeding for such relief. Petitioner nonetheless brought this RPTL article 7 proceeding to contest its 1993-1994 assessment. Respondents moved to dismiss the proceeding as barred by the November 1991 stipulation. Petitioner countered that, because of a reduction in the State equalization rate from 100% to 72.65%, there has been a 37% increase in the effective assessment of the property, an event not contemplated by the parties to the stipulation. Finding that the stipulation, which was drafted by petitioner, clearly and unambiguously barred the proceeding, Supreme Court granted respondents' motion. Petitioner now appeals.

We affirm. Although not one of the contingencies stated in the parties' stipulation has occurred, by its imaginative redefinition of the word "assessment" *(see,* RPTL 102 [2]; 522 [2]; *compare,* RPTL 102 [19]) to mean "full market value", petitioner would have us grant it precisely the relief the contract limits to the case of a Town-wide reassessment, i.e., reduction of the stipulated assessment in direct proportion to the change in the announced ratio of assessed value to full value, upon a showing of nothing more than a decrease in the applicable State equalization rate. Fundamentally, "[a] court may not rewrite into a contract conditions the parties did not insert" *(Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649, 652) or, under the guise of construction, "remake a contract to implement an unexpressed intention" (22 NY Jur 2d, Contracts, § 190, at 26; *see, Slatt v Slatt,* 64 NY2d 966).

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.