■ LINDA KIPERMAN et al., Respondents, v MILTON STEINBERG, Appellant, et al., Defendants. [651 NYS2d 176] —In an ac-

tion for dissolution of partnerships, an accounting, and the appointment of a receiver, the defendant Milton Steinberg, individually and as a partner of Country Corners and as a partner of Limas Builders appeals, (1) as limited by his brief, from stated portions of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated December 8, 1995, which, *inter alia*, upon granting the plaintiffs' motion, among other things, to confirm a Referee's report dated October 11, 1995, appointed a temporary receiver; and (2) from so much of an order of the same court dated March 14, 1996, as granted that branch of the plaintiffs' motion which was for attorneys' fees. Presiding Justice Mangano has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order dated December 8, 1995, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 14, 1996, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiffs' motion which was for attorneys' fees is denied.

The Surrogate's Court did not improvidently exercise its discretion in appointing a temporary receiver (*see, Freedman v Freedman*, 211 AD2d 580; *King v King*, 183 AD2d 479; *Kardanis v Velis*, 90 AD2d 727). However, the court erred in granting attorneys' fees to the plaintiffs. The plaintiffs moved, *inter alia*, to punish the appellant for civil contempt and for attorneys' fees. Although the court found that the appellant had not committed civil contempt, it awarded attorneys' fees to the plaintiffs. Since, on a motion to punish for civil contempt, a finding of civil contempt is the prerequisite for imposing attorneys' fees (*see*, Judiciary Law § 773; *Glennon v Mayo*, 174 AD2d 600; *Field v Dadon*, 117 Misc 2d 525), that branch of the plaintiffs' motion which was for attorneys' fees should have been denied.

The appellant's remaining contentions are without merit. Mangano, P. J., Altman, Goldstein and McGinity, JJ., concur.