■ In the Matter of BENJAMIN F. DANIELS, Appellant-Respondent, v JOANNA G. GUNTERT, Respondent-Appellant. SANDRA J. GARUFY, as Law Guardian, Appellant. (And Two Other Related Proceedings.) [681 NYS2d 880] —White, J. Appeals (1) from an order of the Family Court of Broome County (Pines, J.), entered November 10, 1997, which, *inter alia*, dismissed respondent's and the Law Guardian's applications, in two proceedings pursuant to Family Court Act article 6, for modification of a prior custody order, and (2) from an order of said court, entered December 12, 1997, which denied respondent's application for counsel fees.

Until September 1996, the parties' daughter, Cynthia (born in 1985), resided with respondent in accordance with the terms of their separation agreement that were embodied in a Family Court order entered March 17, 1994. In September 1996, Family Court granted petitioner's modification petition, awarding

him sole custody of Cynthia. Respondent appealed and, on October 16, 1997, we reversed and reinstated Family Court's March 1994 order (243 AD2d 891). Because petitioner refused to return Cynthia, respondent sought the aid of Family Court by means of an order to show cause which Family Court treated as a violation petition. The Law Guardian and petitioner responded by filing petitions seeking modification of Family Court's March 1994 order. After an evidentiary hearing, Family Court held petitioner in contempt and imposed a 60-day suspended sentence. In addition, it dismissed the modification petitions. In a separate order, Family Court denied respondent's application for counsel fees. Petitioner and the Law Guardian appeal from the first order while respondent appeals from the latter.

Whether a modification of an existing custodial arrangement is warranted depends upon whether, due to a sufficient change of circumstances, it would be in the child's best interest to change custody (*see, Matter of Machukas v Wagner*, 246 AD2d 840, *lv denied* 91 NY2d 813). Petitioner and the Law Guardian contend that Family Court erred in dismissing their petitions in light of Cynthia's expressed desire to live with petitioner and the Law Guardian's recommendation to that effect. We disagree.

Family Court did not err in disregarding the Law Guardian's recommendation because, while it was important, it was not determinative (*see, Matter of Richard YY. v Sue ZZ.*, 249 AD2d 885; *Matter of Elcock v Elcock*, 241 AD2d 711, 714). Likewise, although it is important for a court to consider a child's wish to live with a parent, such desire is not controlling as it is just one of the factors in the best interest equation (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Matter of Barndollar v Barndollar*, 234 AD2d 858). Family Court did not assign any weight to Cynthia's desire to live with petitioner as it felt she had been manipulated by her parents.* It then proceeded to dismiss the petitions as they did not contain any further allegations showing that a change in custody would substantially enhance Cynthia's welfare or that respondent was unfit to be a custodial parent (*see, Matter of Buhrmeister v McFarland*, 235 AD2d 846; *Matter of Manchester v Whitbeck*, 220 AD2d 837). Inasmuch as the record shows that Cynthia has vacillated in her choice of custodial parent and as Family Court was thoroughly familiar with the parties as they had initiated 13

* Instead of examining Cynthia in court in the presence of her parents, it would have been preferable for Family Court to have conducted the examination in camera (*see, Matter of Sellen v Wright*, 229 AD2d 680).

proceedings before it between January 1996 and September 1997, we perceive no reason to disturb its determination as it is supported by a sound and substantial basis in the record (*see, Matter of Reese v Jones*, 249 AD2d 676; *Matter of Blair v Blair*, 243 AD2d 758, *lv denied* 91 NY2d 804).

Next, petitioner takes issue with Family Court's adjudication holding him in contempt. To find that a civil contempt has occurred, it must be determined that the party charged with the contempt had knowledge of and disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party (*see, Matter of Munz v Munz*, 242 AD2d 789; *Matter of Hoglund v Hoglund*, 234 AD2d 794). When the parties appeared before Family Court on October 30, 1997, the court, in an extensive colloquy, made it very clear that its March 1994 directive was the operative order and that petitioner was under a duty to return Cynthia to respondent. Despite this admonition, the record shows that when respondent arrived at petitioner's residence on November 3, 1997, Cynthia was not present and petitioner ordered respondent to leave his property. At the contempt hearing, petitioner admitted he had heard Family Court's admonition but had no intention of complying with its order until Cynthia indicated she wanted to live with respondent. This record permits only one conclusion; petitioner brazenly and knowingly disobeyed the clear, explicit and lawful order of Family Court, thereby prejudicing respondent's custodial rights. Consequently, we find that Family Court did not abuse its discretion in holding petitioner in contempt (*see, Paulmann v Paulmann*, 224 AD2d 891).

Turning to respondent's appeal, Family Court's contempt power is governed by the provisions of the Judiciary Law relating to civil and criminal contempt (Family Ct Act § 156). Where, as here, no actual damage has been shown, Judiciary Law § 773 permits recovery of counsel fees from the offending party by a party aggrieved by the contemptuous conduct (*see, Children's Vil. v Greenburgh Eleven Teachers' Union, Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435; *Gordon v Janover*, 121 AD2d 599). The amount awarded should reflect the sum of the attorney's documented fees unless the opposing party can prove with particularity that the sum is excessive or the court articulates its reason for eliminating or diminishing certain fees (*see, Guiliano v Carlisle*, 236 AD2d 364).

In denying respondent's application, Family Court did not follow this protocol; instead, it exercised its discretion under Domestic Relations Law § 237 which, as pointed out, is not the

controlling statute under these circumstances. Because the record is complete on this issue, we shall exercise our power under CPLR 5522 and decide this issue. According to the affirmation of services by respondent's counsel, his fee in this matter totaled $2,981.25. In our view, based upon our review of the parties' submissions, we conclude that $1,500 is a fair and reasonable fee for respondent's attorney. Petitioner shall pay respondent this sum within 180 days of the date of this decision.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered November 10, 1997 is affirmed, without costs. Ordered that the order entered December 12, 1997 is reversed, on the law and the facts, without costs, and respondent is awarded counsel fees in the sum of $1,500, which sum shall be paid to respondent by petitioner within 180 days of the date of this Court's decision.