In the Matter of RICHARD EVANS, Respondent, v BOARD OF ASSESSMENT REVIEW OF TOWN OF CATSKILL et al., Appellants. [727 NYS2d 706] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 29, 2000 in Greene County, which, *inter alia*, in a proceeding pursuant to RPTL article 7, denied respondents' cross motion to vacate an order and judgment adopting a stipulation of settlement.

In July 1997, petitioner commenced this RPTL article 7 proceeding seeking a reduction of the 1997 tax assessments on seven separately taxed parcels of his property located in the Town of Catskill, Greene County. As a result of negotiations, the parties entered into a stipulation of settlement which, *inter alia*, set forth the identification number, new assessed value and amount of the reduction of the assessment for each parcel. This stipulation provided a new assessed value for tax parcel 156.17-1-5 (hereinafter the parcel) in the amount of $225,000, indicating a $76,300 reduction from the contested assessment. The stipulation was approved in an order and judgment signed by Supreme Court on June 28, 1998, and duly entered and served.

In November 1998, respondents' counsel advised petitioner's counsel that the parties had mistakenly used $301,300 as the parcel's assessed valuation during the negotiations. Respondents' counsel further advised that the correct assessment for the parcel was $375,000 and that the agreed-upon reduction of $76,300 for the parcel should have been subtracted from the correct assessment of $375,000, resulting in an assessed value of $298,700 instead of $225,000.

Petitioner, claiming that Supreme Court's order and judgment had properly reduced the assessment to $225,000, refused respondents' request to execute an amended stipulation reflecting the new figures suggested by respondents. In January 1999, petitioner moved to hold respondents, respondents' counsel and the Catskill Central School District in contempt for failing to comply with the June 28, 1998 order and judgment by not reducing the tax assessment on the parcel and failing to refund school taxes on any of the involved parcels. Respondents opposed petitioner's contempt application and cross-moved for an order vacating the June 28, 1998 order and judgment based upon a mutual mistake of fact.

After a hearing on the issues, Supreme Court denied respondents' cross motion and granted petitioner's motion to the extent that respondents were ordered to issue corrected tax bills and to refund school taxes. Petitioner was also awarded counsel fees.[1] Respondents appeal, arguing that Supreme Court lacked jurisdiction to determine the 1997 assessed value for the parcel in dispute, the court erred by not vacating its order and judgment based on a stipulation of settlement which was the product of a mutual mistake of fact and was ambiguous, and Supreme Court's award of counsel fees was improper.

Initially, we find no merit to respondents' claim that Supreme Court exceeded its jurisdiction. An RPTL article 7 proceeding commenced in Supreme Court is the statutory method by which property owners may seek judicial review of their property tax assessments and respondents concede that that statute empowers the court to reduce assessments "as the value may appear" (*People ex rel. City of New York v Keeler*, 237 NY 332, 334). Supreme Court's June 28, 1998 order and judgment and its subsequent order challenged in this appeal merely fulfilled that statutory mandate.

Turning to respondents' claim that its cross motion to vacate the June 28, 1998 order and judgment should have been granted because it was based on a mutual mistake of fact, we note that while Supreme Court appeared to acknowledge that a mistake may have existed, it did not find it to be so substantial as to require the vacatur of its June 28, 1998 order and judgment. That order was based on a signed stipulation of settlement which, generally, "will not be lightly cast aside" (*French v Quinn*, 243 AD2d 792, 793, *lv dismissed* 91 NY2d 1002) but, to be undone, requires a showing " 'sufficient to

---

**1.** Supreme Court directed a hearing on the amount of petitioner's counsel fees. The order from that hearing is the subject of a separate appeal which we declined to consolidate with this appeal.

invalidate a contract, such as fraud, collusion, mistake or accident' " (*Robison v Borelli*, 239 AD2d 656, 657, quoting *Hallock v State of New York*, 64 NY2d 224, 230). A mutual mistake must exist at the time of the agreement and be so substantial that the agreement does not represent a true meeting of the minds of the parties (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453).

Respondents' argument that the parties negotiated a $76,300 reduction in the assessment for this parcel, not the final assessment of $225,000, is unpersuasive. "The ultimate purpose of valuation, whether in eminent domain or tax certiorari proceedings, is to arrive at a fair and realistic value of the property involved [citation omitted]" (*Matter of P.G.C. Assocs. v Assessors of Town of Riverhead*, 270 AD2d 272, 273, *lv dismissed* 95 NY2d 825), not to arrive at a fair and realistic value of a reduction (or increase) of the assessment. Petitioner's counsel's correspondence, dated April 3, 1998, proposed an assessed value for the parcel of $200,000 which, apparently, was based upon petitioner's appraiser's $160,000 valuation of the parcel. Respondents' April 22, 1998 offer of settlement in response to that letter, the resultant stipulation and the final order settling this tax certiorari proceeding based on that stipulation, all of which were prepared by respondents' counsel, clearly and unequivocally stated that the new assessed value for the parcel would be $225,000.

While respondents' final assessment roll for 1997, certified on July 1, 1997, and tentative assessment roll for 1997, issued May 1, 1997, both show the parcel at issue assessed at $375,000, not $301,300, inexplicably, the notice of determination of respondent Board of Assessment Review of the Town of Catskill issued on May 29, 1998 lists the tentative assessed value of the property at $301,300. Notably absent from the record are any tax bills for the parcel for the year at issue. Nevertheless, the April 22, 1998 settlement letter of respondents' counsel sets forth a proposed revised assessed value of $225,000 for the parcel and indicates that he had consulted with the assessor and the Town Board regarding the letter's contents. Respondents knew or should have known all of the relevant figures pertaining to the subject parcel well before the culmination of settlement negotiations which resulted in the stipulation signed by the parties on May 27, 1998.

Courts may not rewrite an agreement between parties (*see, Matter of 17th Glenville Corp. v Board of Assessors*, 214 AD2d 792, 793), which is what respondents would have us do by fixing a different assessed value for the parcel than that contained

in the stipulation. Consequently, we refuse to disturb that portion of Supreme Court's order which denied respondents' cross motion to vacate the stipulation of settlement.

Respondents next challenge Supreme Court's finding of contempt, arguing that they were unable to comply with the order as they could not establish the tax roll in accordance with the assessed values set forth in the order and judgment or repay any resulting overpayment of taxes because the order and judgment contained an incorrect assessed value and, therefore, was ambiguous (*see, Town of Virgil v Ford*, 184 AD2d 901, 903). That order and judgment addressed the valuations of petitioner's real property by reciting that "the same hereby are, adjusted, revised and reduced to the extent that the final valuations therein shall be corrected to be stated as follows:" and went on to state a value for each property. Further, the order and judgment stated that petitioner was to recover "the various principal amounts paid to each such taxing unit as and for excess taxes" based on the new assessed values established therein. We find no ambiguity in the aforementioned language and conclude that respondents disobeyed "a lawful judicial order expressing an unequivocal mandate" (*McCain v Dinkins*, 84 NY2d 216, 226). Further, respondents' assertion of a mistake of fact does not allow disobedience of the order as "[a]n order of the court must be obeyed even if erroneously made, so long as the court ha[s] jurisdiction, and the order was not void on its face" (*Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535, *lv denied* 89 NY2d 802) and the order here was, at best, voidable (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453, *supra*). Petitioner established with "reasonable certainty" (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240) that respondents did not obey the order and that this impaired or prejudiced petitioner's right to receive tax refunds. Petitioner also relinquished his valuable right to challenge assessments for the properties for three future years as part of the stipulation and subsequent order. Under these circumstances, we uphold Supreme Court's determination of petitioner's contempt application and the award of costs and counsel fees to petitioner (*see*, Judiciary Law § 773; *Matter of Daniels v Guntert*, 256 AD2d 940, 942; *Kiperman v Steinberg*, 234 AD2d 518, 519).

Finally, while Supreme Court properly determined that petitioner was entitled to counsel fees, we agree with respondents (and note that petitioner's counsel did not disagree) that

a hearing is needed to determine the amount of such fees (*see, e.g., Smith v Smith*, 277 AD2d 531, 532).[2]

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. In an order dated January 18, 2001, Supreme Court determined the amount of counsel fees related to the contempt proceeding, which is the subject of a separate appeal.