OPINION OF THE COURT
Arthur M. Schack, J.
The issue before the court is whether the Board of Education *589 of the City of New York failed to comply with a subpoena duces tecum from March 28, 2001, the date of service, until June 11, 2001, the date the Board finally produced the requested documents, and whether this act constituted an act of civil contempt by the Board of Education and its agent, Jenny Soto, the head of the subpoena unit at the Board of Education’s Office of Legal Services. For the reasons stated below, the court holds that the actions of both the Board of Education and Jenny Soto constituted a punishable act of civil contempt from April 26, 2001 through June 11, 2001.
The defendant, Lionel Simplice, was charged with six counts of violating Penal Law § 130.55 (sexual abuse in the third degree) on different dates and one count of violating Penal Law § 240.26 (1) (harassment in the second degree). Defendant Simplice was a teacher at Intermediate School 88, Brooklyn, New York, at the time he was charged with the aforementioned crimes. The complainant is a paraprofessional at the same school.
By his attorney, defendant served and filed a notice of application for a subpoena duces tecum upon the Board of Education on March 14, 2001. The subpoena duces tecum, signed by this court on March 28, 2001, sought the personnel, medical and psychological files of the complainant. This subpoena was returnable on April 25, 2001. The court adjourned the case to May 1, 2001 to determine its compliance. The subpoena stated on page 2, “Failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was issued and liable to the punishment provided by law therefor. Appearance is waived if the requested materials are produced on or before the required date at the below address [the address of defense counsel].” The subpoena did not create an excessive or overly burdensome compliance request on the Board of Education.
Jenny Soto, as head of the subpoena unit at the Board of Education’s Office of Legal Services, was served with the judicial subpoena at the Board of Education headquarters at 110 Livingston Street, Brooklyn, New York, on March 28, 2001. Thus, Ms. Soto, as agent of the Board of Education, had knowledge of this judicial subpoena.
According to the Corporation Counsel’s affirmation in opposition at paragraph 7: “BOE legal [sic] made a decision to move to quash the subject subpoena [emphasis added]. That decision was conveyed to ADA Gregory who placed that determination *590 on the record in Court when this case was next heard on May 1, 2001. Inadvertently the motion to quash was never made. However, in the interim, Jenny Soto, the subpoena clerk for the BOE, whose job it is to obtain the materials pursuant to a duly ordered subpoena, was not assigned to collect the information in this case because of the anticipated motion to quash.”
The requested documents were not provided as ordered by the subpoena’s return date of April 25, 2001. On May 1, 2001, Assistant District Attorney Gregory informed the court that the Board of Education would move to quash the subpoena, but the Corporation Counsel failed to appear and file any motions in opposition to the subpoena. The case was then adjourned to May 8, 2001 for an update on subpoena compliance.
On May 8, 2001, defense counsel reported to the court that the Board of Education had yet to comply with the subpoena. The Corporation Counsel again failed to appear for its client, the Board of Education. The case was then adjourned to May 18, 2001 for further update on subpoena compliance.
On May 18, 2001, defense counsel reported to the court that the Board of Education had yet to comply with the subpoena. The Corporation Counsel again failed to appear on its client’s behalf. The defendant then served and filed an order to show cause returnable June 11, 2001, requesting the court to find both Jenny Soto, in her official capacity, and the Board of Education to be in civil contempt pursuant to Judiciary Law § 753, for failing to comply with the judicial subpoena issued by this court on March 28, 2001, and imposing civil contempt sanctions upon Jenny Soto and the Board of Education pursuant to Judiciary Law § 773.
On the morning of June 11, 2001, defense counsel reported to the court that the Board of Education had yet to comply with the subpoena. The Corporation Counsel again failed to appear. However, several hours later that day, the Board of Education complied with the subpoena, after the court “second-called” the case and requested that defense counsel make a final visit to the Board of Education at 110 Livingston Street to request compliance.
Then, on the afternoon of June 11, 2001 at the “second call,” defense counsel reported to the court that the Board of Education had finally complied with the subpoena. It should be noted that again the Corporation Counsel failed to appear on behalf of the Board. The case was then adjourned to July 23, 2001 to determine if Jenny Soto and the Board of Education should be held in civil contempt.
*591 On July 20, 2001, the Corporation Counsel finally appeared in this case by filing its affirmation in opposition to order to show cause for civil contempt, 39 days after the Board of Education complied with the subpoena on June 11, 2001.
Authority
Judiciary Law §§ 753 and 773 are the relevant authority and discuss the court’s power to punish for civil contempt and its right to impose sanctions where necessary. By holding the Board of Education of the City of New York in contempt for failure to comply with duties it assumed under a consent decree in Aspira of N. Y. v Board of Educ. (423 F Supp 647, 649 [SD NY 1976]), the court stated: “The word ‘contempt’ rings fiercely; if its connotations in law included only lay notions like scorn and wilful disobedience, plaintiffs could not prevail. But the idea in this context includes failures in meaningful respects to achieve substantial and diligent compliance. In this sufficient sense, the defendants are found to have been in contempt, and it has become the court’s duty to declare it.” Similarly, in the instant case, the Board of Education of the City of New York had “failures in meaningful respects to achieve substantial and diligent compliance” in a timely manner.
The Criminal Court, as a court of record, is authorized to issue a subpoena duces tecum in accordance with CPL 610.20 (1) which provides that “[a]ny criminal court may issue a subpoena for the attendance of a witness in any criminal action or proceeding in such court.” The term subpoena includes, as is stated explicitly in CPL 610.10 (3), a “subpoena duces tecum,” which is a subpoena which requires a witness to bring and produce specified physical evidence. In the instant case, defense counsel secured a subpoena duces tecum and had it “so ordered” by the court, giving it the full effect of a court order pursuant to CPLR 2307 (see CPL 610.20 [3]).
To find that contempt has occurred in a given case “it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must [also] appear, with reasonable certainty, that the order has been disobeyed * * * [and that] the party to be held in contempt had knowledge of the court’s order.” (McCormick v Axelrod, 59 NY2d 574, 583 [1983].) In the instant case, it is clear that an order was in effect, ample time was given for compliance, and the order was willfully disobeyed.
In their opposition papers as stated above in paragraph 7, the Board of Education stated that they “made a legal decision *592 to move to quash the subpoena.” Nothing came of it. Despite the Board’s “legal decision to move to quash,” the Board of Education failed to make evident to the court that they took any real steps to obey the court’s directive.
Further, the court finds, as the Corporation Counsel has stated in paragraph 7 of their opposition papers, that Ms. Soto of the subpoena unit “was not assigned to collect the information in this case because of the anticipated motion to quash. As a result, the first time Ms. Soto was directed to obtain any information pursuant to this subpoena was on or about May 18, 2001, when the BOE was served with a copy of the instant contempt motion.” The court does not find Ms. Soto’s noncompliance with the judicial subpoena to rise to a level of civil contempt personally, but finds Ms. Soto in civil contempt in her official capacity as an agent for the Board of Education.
The court’s ultimate finding of contempt is a determination that the Board of Education of the City of New York violated its obligations under the subpoena by its willful failure of due diligence to comply with the subpoena in a timely fashion. Recently, the Board of Education was found in contempt in a Queens Family Court juvenile delinquency case (Matter of T.F., NYLJ, July 12, 2001, at 22, col 2) for its continued delay to comply with a subpoena duces tecum. The T.F. court stated: “The Board of Education’s continued failure to comply with the Court’s order has rendered the expeditious resolution of the case an impossibility. Even were the Board of Education to comply at this late time with the order that does not purge the original failure and the Court may enter a finding of contempt for the failure to act in the prescribed time (see Aspira of N. Y., Inc. v. Board of Education of the City of New York, 423 F.Supp 647, 654 (S.D.NY. 1976).” (At 22, col 4.)
The court notes that mere failure on the part of the Board of Education does not, in and of itself, render it in contempt of the court’s order. However, the Board of Education’s continued delay in complying with the subpoena created “an untenable obstacle to the effective administration of justice.” (Matter of T.F., supra, at 22, col 3.) As is evident, the Board of Education failed steadily and repeatedly to exercise its power and authority to comply with the subpoena duces tecum, causing “a frustration of the judicial process as well as a violation of [defendant’s] constitutional right to an expeditious resolution of the matter.” (Matter of T.F., supra, at 22, col 4.)
In Matter of Daniels v Guntert (256 AD2d 940 [3d Dept *593 1998]), the Court held that a wife is entitled to an award of reasonable attorney fees as a result of her husband’s civil contempt. In Kiperman v Steinberg (234 AD2d 518 [2d Dept 1996]) the Court awarded costs and attorneys’ fees and held that it was not a “sanction” or “punishment” in any worthwhile sense to award these monetary amounts. Thus, this court is guided by appellate authority as well as Matter of T.F., which awards both costs and attorney fees in a finding of civil contempt.
In concluding that the Board of Education must be found delinquent, the court has not overlooked the obstacles and problems with which the Board of Education has to contend. The Corporation Counsel reported to the court at the October 10, 2001 court proceedings on this case that the Board of Education is improving its subpoena compliance procedures. In paragraph 9 of its opposition papers, the Corporation Counsel states that the Board of Education “is currently investigating the communication lapses that occurred in this case to insure that all future motions to quash are made in a timely manner. They are in the process of reorganizing their data banks and tickler systems to insure that they continue to deal effectively with the more than two thousand subpoenas a year to which they respond.” However, in the instant case, justice has been unduly delayed. The Board of Education, the agency responsible for educating our youth about our system of justice and law, more than any other agency, must realize it is not above the law but subject to the same judicial process as all other agencies of government, business entities and individuals.
While we all work in a city beset with social and financial travails, the court would be delinquent if it were not to enforce this contempt order against the Board of Education. All branches of government are beholden one to another. Harmony, rather than dissonance, streamlines the administration of justice.
Conclusion
The court grants defendant’s motion and finds the Board of Education of the City of New York to be in civil contempt for failing to comply in a timely manner with the subpoena duces tecum issued in this case; and Jenny Soto, as agent of the Board of Education only, to be in civil contempt for failing to comply in a timely manner with the subpoena duces tecum issued in this case.
The court orders that an evidentiary hearing be scheduled at *594 the convenience of the parties to determine the penalty to be imposed upon the Board of Education of the City of New York, and attorney fees and costs of this motion.