■ In the Matter of MICHELLE LEMBO, Petitioner, v JORGE MAYENDIA-VALDES, Respondent. DOLORES LEMBO, Appellant. [739 NYS2d 775] —Mugglin, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered August 14, 2000, which, in a proceeding pursuant to Domestic Relations Law article 5-A, granted respondent's motion to hold Dolores Lembo in contempt of court and ordered her to pay counsel fees to respondent.

During the course of a contentious custody proceeding, Family Court ordered petitioner to produce her nine-year-old child in court. Instead of complying, she sent the child to school

where, at 1:25 P.M., he was picked up by his maternal grandmother, Dolores Lembo (hereinafter the grandmother), who had left the courtroom expressly for that purpose. Family Court gave petitioner until 4:55 P.M. to produce the child, and when that did not happen, she was jailed for contempt. Seventeen days later, when her own contempt hearing was scheduled to begin, the grandmother finally produced the child. At this hearing, the grandmother invoked her 5th Amendment privilege against self-incrimination when questioned about her role in taking and hiding the child. Family Court found that she had committed criminal contempt, for which she was fined $1,000, and civil contempt, for which she was fined $250. The grandmother was also ordered to pay the legal fees of respondent, the father, and disbursements of $16,137.50, which were incurred during the 17-day period that she hid the child. The grandmother appeals, and we affirm.

Notably, no challenge to the contempt finding per se is made. Instead, the grandmother argues that her nonparty status insulates her from Family Court's jurisdiction to find her in contempt. We find no merit to this argument. Judiciary Law § 753 (A) gives a court of record power to punish, for a civil contempt, "[a] party to the action or special proceeding, an attorney, counsellor, *or other person*, for the non-payment of a sum of money * * * or for any other disobedience to a lawful mandate of the court" (Judiciary Law § 753 [A] [3] [emphasis supplied]; *see, e.g., Power Auth. of State of N.Y. v Moeller*, 57 AD2d 380, 382, *lv denied* 42 NY2d 806).

The grandmother's other arguments are that Family Court lacked jurisdiction to award respondent counsel fees that he incurred in other courts, these fees were unreasonable in amount, and she was afforded no hearing with respect to this issue. Judiciary Law § 773 permits a court, where no actual monetary damages have been caused by the contempt, to impose a fine "not exceeding the amount of the complainant's costs and expenses, and [$250] in addition thereto." It is well settled that counsel fees and disbursements may be awarded against the contemptuous party pursuant to this provision (*see, Matter of Daniels v Guntert*, 256 AD2d 940, 942; *Glanzman v Fischman*, 143 AD2d 880, 881, *appeal dismissed* 74 NY2d 792). The amount awarded should be the fees and costs incurred by the aggrieved party as a direct product of the contemptuous conduct (*see, Matter of Daniels v Guntert, supra*). Here, counsel's detailed affidavit particularized the charges incurred to defend and prosecute each part of the litigation flowing from the contemptuous conduct (in Family Court, Supreme Court

and this Court) and Family Court carefully limited its award to those fees and expenses incurred while the grandmother was hiding the child. But for the grandmother's contemptuous conduct, respondent would not have had to participate in any legal proceedings or incur any fees and expenses from November 6, 1999 through November 22, 1999. That some of these fees were incurred in other courts is irrelevant to Family Court's jurisdiction to impose punishment for contempt of its order. Moreover, contrary to the grandmother's present argument, counsel's conclusory assertions failed to raise any triable issue of fact sufficient to require an evidentiary hearing regarding the award (*see, Guiliano v Carlisle*, 236 AD2d 364, 365). We find no abuse of discretion in the award of these documented fees.

Peters, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.