■ In the Matter of RICHARD EVANS, Appellant, v BOARD OF ASSESSMENT REVIEW OF TOWN OF CATSKILL et al., Respondents. [752 NYS2d 125] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered January 24, 2001 in Greene County, which, inter alia, in a proceeding pursuant to RPTL article 7, awarded petitioner counsel fees on a contempt motion, and (2) from an order of said court, entered January 31, 2002 in Greene County, which, inter alia, increased the award of counsel fees.

The facts underlying the current appeal are set forth more fully in a prior decision of this Court in this matter (284 AD2d 753). Briefly stated, petitioner and respondents entered into a stipulation, which was incorporated into an order and judgment, regarding disputed tax assessments on seven parcels. Respondents subsequently learned that the assessed value of one of the parcels had been incorrectly recited as $301,300 rather than $375,000 and, thus, respondents used $375,000 as the value from which to reduce the assessment. Respondents submitted a proposed amended stipulation and order to petitioner, indicating that in the event that petitioner disagreed with the proposed amendment, respondents would seek judicial relief. In response, petitioner moved to hold respondents in contempt for disobeying a court order and sought counsel fees. Respondents cross-moved to vacate the order and judgment based on mutual mistake. Following a hearing, Supreme Court determined that the purported mistake did not justify vacating the order and judgment and that respondents were in contempt for failing to comply with the order and judgment. We affirmed Supreme Court's order (*id.*). Thereafter, a further hearing was conducted regarding petitioner's application for counsel fees and expenses. Supreme Court, which had earlier awarded $750 for counsel fees and $118 for disbursements, increased the award for counsel fees to $3,000. Petitioner appeals.

Petitioner contends that he should have been awarded counsel fees in excess of $25,000. Counsel fees that are documented and directly related to contemptuous conduct are

generally recoverable unless proven excessive or reduced in a court's reasoned decision (*see Matter of Daniels v Guntert*, 256 AD2d 940, 942; *see also Matter of Lembo v Mayendia-Valdes*, 293 AD2d 789, 790). Where the calculation of counsel fees turns primarily upon the assessment of witnesses' credibility, the trial court's determination is afforded deference and will be upheld absent an abuse of discretion (*see Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 878-879).

Here, petitioner's counsel did not keep contemporaneous time records regarding time spent on the contempt motion and, therefore, determining a reasonable fee depended in large part upon witness credibility. The testimony at the hearing of petitioner's counsel revealed that he sought counsel fees for several activities that he purportedly undertook that could have been accomplished by a nonlawyer. He refused to reveal the fees actually charged to petitioner, maintaining that such information was privileged. Supreme Court was unconvinced by the testimony of petitioner's counsel regarding the amount of time that he spent working on various aspects of the contempt motion and the court found that the "fair and reasonable value of the legal services connected to the Motion for Contempt" was $3,000. Review of the record does not persuade us that Supreme Court abused its discretion in determining $3,000 as a reasonable fee for legal services rendered regarding the contempt motion.

Petitioner further argues that Supreme Court erred in not permitting him to introduce evidence pertaining to counsel fees from the previous appeal. While counsel fees incurred in an appeal directly connected to contempt may be recovered (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435), the primary issue underlying the previous appeal was whether the mistake in the judgment was of a sufficient magnitude to support vacating the judgment. We observed in that appeal that "while Supreme Court appeared to acknowledge that a mistake may have existed, it did not find it to be so substantial as to require the vacatur of its * * * order and judgment" (284 AD2d 753, 754, *supra*). Indeed, respondents had submitted a proposed amended stipulation regarding the purported mistake to petitioner and indicated that they intended to make a motion if petitioner did not agree to the stipulation. Petitioner beat respondents to the courthouse with his contempt motion, which served as the procedural vehicle to bring the mistake issue into the court. In light of the fact that a principal issue in the prior appeal involved a legitimate argument regarding a

mistake in a judgment and that argument clearly was not pursued merely as a dilatory tactic (*cf. Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 223 AD2d 995), we are unpersuaded that Supreme Court abused its discretion under the narrow circumstances presented in refusing to consider petitioner's request for counsel fees related to the appeal.

Petitioner's contention that he is entitled to interest on the amount of taxes currently owed to him by respondents is belied by the specific waiver of interest in the order and judgment. The remaining issues have been considered and found meritless.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.