NANCY MILLS, Respondent, v DAVID MILLS, Defendant. DAVID VAN BENSCHOTEN, Appellant. [897 NYS2d 799]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 12, 2009 in Ulster County, which, among other things, granted plaintiff's motion to hold David Van Benschoten in civil contempt.

The underlying matrimonial action involved the demise of a 33-year marriage with seven children, two of whom were minors. Although defendant—a self-employed building contractor—had not filed income tax returns for many years, Supreme Court (Kavanagh, J.) found that he earned at least $70,000 per year and directed maintenance of $1,000 per month and child support in excess of $1,200 per month. His failure to pay maintenance and support resulted in a contempt finding and short jail time in September 2006. He continued not to pay the amounts due and, at a second contempt hearing in June 2007, revealed that he was building a $500,000 home for attorney Da-

vid Van Benschoten and his spouse (Van Benschoten was the attorney representing defendant in the matrimonial action), and that he anticipated profits of $5,000 per month on the contract. Noting that defendant had spent the majority of his recent work efforts constructing such home while at the same time deliberately avoiding support obligations, Supreme Court (Lynch, J.) appointed a temporary receiver and ordered Van Benschoten to make future payments due to defendant for the home construction to such individual.

Shortly thereafter, Van Benschoten informed Supreme Court in a letter that there would be no future payments to the temporary receiver because the construction contract involving his home had been assigned by defendant to a new company and defendant was merely an employee of that company. However, it was soon revealed that the new company was entirely owned by defendant's girlfriend. Supreme Court informed Van Benschoten that a formal motion would be necessary to modify the required payments. The court also conducted a conference in July 2008, making clear that payments to the temporary receiver would continue and addressing Van Benschoten's purported confusion as to the amounts to be paid. Less than two months later and as a result of continued nonpayment, plaintiff moved via order to show cause for an order finding Van Benschoten in contempt for willfully failing to comply with the court's directive and requested, among other things, $2,500 in counsel fees. Following a hearing, Supreme Court found Van Benschoten in civil contempt and, pursuant to Judiciary Law §§ 753 and 773, awarded plaintiff $2,500 in counsel fees and imposed a $250 fine. Van Benschoten appeals.

We affirm. The record amply supports Supreme Court's finding that each element of civil contempt was established by the requisite level of proof (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]). The court's order regarding payment to the temporary receiver was not ambiguous; particularly when considered in the context of these proceedings (*see generally Matter of Daniels v Guntert*, 256 AD2d 940, 942 [1998]). The court had reiterated the terms thereof during a lengthy on-the-record elucidative discussion. The remedy, as instructed by Supreme Court, was to make a motion to modify the order, which was not done. Regardless of Van Benschoten's motive or his disagreement with the terms of the order, his remedy was not to simply disregard it, and his action in such regard constituted civil contempt (*see Bell v White*, 55 AD3d 1211, 1215 [2008]).

Van Benschoten argues that Supreme Court did not comply

with Domestic Relations Law § 237 in awarding counsel fees. This argument lacks merit since Supreme Court's award of such fees was not made pursuant to the Domestic Relations Law but, rather, under Judiciary Law §§ 753 and 773 (*see Matter of Daniels v Guntert*, 256 AD2d at 942-943). In any event, the amount set forth by plaintiff's counsel was reasonable and not disputed before Supreme Court (*see Estate of Gardner v Carson*, 295 AD2d 709, 710 [2002]).

Mercure, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, with costs.