■ BRITISH AMERICAN DEVELOPMENT CORPORATION, Respondent, v SCHODACK EXIT TEN, LLC, Appellant. JED B. WOLKENBREIT et al., as Cotrustees of the JOHN P. BAYLY CREDIT SHELTER TRUST, Proposed Intervenors-Appellants. [920 NYS2d 818]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered December 11, 2009 in Albany County, which granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered December 11, 2009 in Albany County, which denied a motion by the cotrustees of the John P. Bayly Credit Shelter Trust to, among other things, intervene.

The parties each own a 50% share of B.A. Capital Corporate Campus, LLC (hereinafter BACCC), a limited liability company created for the purpose of developing a 106-acre parcel in the Town of Schodack, Rensselaer County as commercial realty. Plaintiff commenced this action seeking, among other things, a declaratory judgment regarding plaintiff's obligation to purchase land from defendant. Plaintiff moved for summary judgment on its first cause of action seeking a declaration that it was not obligated to make additional payments to defendant for prior years when plaintiff did not purchase any lots from defendant. Supreme Court granted the motion. Defendant appeals.

The cotrustees of the John P. Bayly Credit Shelter Trust (hereinafter collectively referred to as the Trust), which owns 35% of the shares of defendant, moved to intervene in this action, as well as to consolidate it with two other actions, including the Trust's action to dissolve defendant. Supreme Court denied the motion in its entirety. The Trust appeals.

Initially, Supreme Court properly denied the Trust's motion to intervene. A person can intervene as of right "[w]hen the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]). The Trust alleged that defendant

would not protect its rights because the other members of defendant had previously disagreed with the Trust's interpretation of the disputed language of the BACCC operating agreement. Contrary to this argument, however, the Trust's proposed answer acknowledges that defendant has, in this action, "asserted an interpretation of the BACCC [o]perating [a]greement more in accord with the interpretation asserted by the Trustees." Although defendant disagreed with that interpretation in papers filed in the Trust's dissolution action, defendant is asserting the Trust's interpretation here. The Trust alleges that it must separately appear to contest plaintiff's argument that defendant should be judicially estopped from asserting a different position here than in the related dissolution litigation. But defendant attacks plaintiff's argument in this regard, obviating the need for the Trust to raise the issue.

While the Trust mentions on appeal other arguments that it would raise in opposition to plaintiff's motion for summary judgment, the Trust did not include those arguments in its proposed answer or motion papers. Some of the arguments were included in the complaint and supporting papers in the Trust's dissolution action, but merely attaching those documents from another action as exhibits on the motion to intervene—which was also a motion to consolidate the present action with the dissolution action—did not alert Supreme Court that the Trust intended to raise those issues in this action. Accordingly, the Trust did not preserve for appeal its reliance upon those arguments (*see Matter of New York State Crime Victims Bd. v Sookoo*, 77 AD3d 1227, 1227 [2010]). As the Trust failed to show that defendant's representation of the Trust's interests would be inadequate, the court properly denied the motion to intervene (*see Geary v Hunton & Williams*, 245 AD2d 936, 939 [1997]).*

Supreme Court properly granted plaintiff partial summary judgment and declared that plaintiff does not currently owe defendant any additional payments. The BACCC operating agreement provided that plaintiff would pay its proportionate share for the land that would be developed. Plaintiff's share would normally be covered without cash outlays, instead arising as a charge against its share of the cash flow allocated to it from the development of the property. In certain circumstances, plaintiff would be obligated to annually purchase a single two-acre lot and pay its proportionate share for that lot by cash outlay.

---

* Because the Trust is not a party, it can only address denial of its motion to intervene. We will not consider its arguments on the merits of Supreme Court's order partially granting plaintiff's motion for summary judgment (*see Hope v Perales*, 82 NY2d 680, 681 [1993]).

As Supreme Court found, it is irrelevant whether these terms of the BACCC operating agreement are ambiguous, because the parties modified that portion of the agreement when they executed three promissory notes to address plaintiff's payments for all of the land on the property capable of being developed. The modification created a new agreement which supplanted the affected provisions of the operating agreement (*see Benipal v Herath*, 251 AD2d 933, 934 [1998]). Defendant transferred all of that land to BACCC and the parties executed promissory notes evidencing plaintiff's indebtedness for its proportionate share of the land. Pursuant to those notes, plaintiff agreed to pay its indebtedness evidenced by the notes "through the distributions generated from new buildings built" on the portions of the property represented by each note. The notes unambiguously require plaintiff to pay its proportionate share of the value of the land capable of development, set that value, and provide that it will be paid through distributions generated by development—not by cash outlays.

One of defendant's members submitted an affidavit acknowledging that by transferring all of the developable land to BACCC and executing the notes, "the BACCC [o]perating [a]greement was modified so as to temporarily suspend the obligation under the [disputed] clause in exchange for [plaintiff] sharing the property tax obligation." Regardless of the reason for the transfer of the land and the related execution of the notes, it is undisputed that those transactions occurred. While defendant and its averring member assert that this was a temporary modification of the operating agreement, the notes require any modification of them to be in writing. The parties have not provided any proof that the modification was canceled and that they reverted back to the terms of the operating agreement. Based on the clear language of the notes, it would be improper for us to consider extrinsic evidence to determine the parties' intentions when executing those documents (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]). The notes modified the operating agreement by deleting any requirement for plaintiff to ever purchase a single lot by cash outlay, instead providing that plaintiff would pay all of its proportionate share of the value of the land through distributions generated by development of new buildings on that land. Supreme Court properly issued a declaration to that effect.

Defendant argues, in the alternative, that the notes should be applied only prospectively from the date of issuance. According to that argument, plaintiff would still owe defendant the value of a single two-acre lot for each year prior to the execution of

the notes, if the conditions for the purchase of such a lot arose. This interpretation is not supported by the language of the notes. The acreage and value of the land mentioned in the notes includes all of the land on the property capable of development. If plaintiff was required to pay for two-acre lots in addition to the amounts in the notes, plaintiff would be paying defendant twice for certain lots. The parties executed the notes to address payment for all of the developable land after plaintiff presumably should have purchased some two-acre lots and had not done so. Thus, the parties could have specifically addressed plaintiff's failure to annually purchase such lots, but they did not. We will not rewrite the notes to include terms that the parties did not insert (*see Matter of 17th Glenville Corp. v Board of Assessors of Town of Glenville*, 214 AD2d 792, 793 [1995]; *see also United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]).

Mercure, J.P., Rose and Egan Jr., JJ., concur. Ordered that the orders are affirmed, with costs.