Peters, RJ.
Appeal from an order of the Supreme Court (McGill, J.), entered September 23, 2011 in Clinton County, which denied plaintiffs’ motion for an additional award of counsel fees.
The underlying facts of this action are fully set forth in a prior decision of this Court (79 AD3d 1210 [2010], lv dismissed 16 NY3d 794 [2011]). As relevant to this appeal, the parties *1236 entered into a court-ordered stipulation of settlement which, among other things, established a right-of-way in favor of plaintiffs and required defendant to refrain from placing obstacles within it. Thereafter, Supreme Court granted plaintiffs’ motion to hold defendant in civil contempt for willful violation of the stipulation and directed defendant to pay $6,330.24 in fees and disbursements. Upon the parties’ cross appeals, we affirmed Supreme Court’s finding of contempt but noted that, while the court explicitly stated in its decision that it was awarding plaintiffs the costs incurred in the preparation of the contempt motion, it failed to specify the amount or include them as part of the order (id. at 1214). Accordingly, we remitted the matter to Supreme Court “for a recalculation of counsel fees and disbursements so as to include all costs incurred by plaintiffs in preparing the contempt motion” (id.). Upon remittal, the parties stipulated to the amount of such costs, and plaintiffs moved for counsel fees and costs incurred in defending the appeal from the contempt order, prosecuting the cross appeal and bringing the application for additional costs and fees. Supreme Court denied the motion, opining that, inasmuch as this Court limited the scope of the costs to be calculated on remittal to those related to the preparation of the contempt motion, plaintiffs’ motion for additional costs related to the appeal could not be granted. Plaintiffs appeal, and we reverse.
Judiciary Law § 773 permits an aggrieved party to recover from the offending party costs and expenses that are directly related to the contemptuous conduct (id. at 1213; see Matter of Lembo v Mayendia-Valdes, 293 AD2d 789, 790 [2002]). Thus, counsel fees incurred in an appeal that is directly connected to the contempt, as well as the reasonable counsel fees and disbursements incurred with respect to the fee application itself, are recoverable (see Bell v White, 77 AD3d 1241, 1245 [2010], lv dismissed 16 NY3d 888 [2011]; Data-Track Account Servs., Inc. v Lee, 15 AD3d 962, 963 [2005]; Matter of Evans v Board of Assessment Review of Town of Catskill, 300 AD2d 768, 769 [2002]). Contrary to the position advanced by defendant and ultimately adopted by Supreme Court, nothing in our prior decision precluded plaintiffs from bringing a subsequent application before Supreme Court for counsel fees and costs related to the appeal.
Since the record is complete, rather than remitting the matter to Supreme Court to consider the application, we will decide the issue (see Matter of Meier v Key-Meier, 36 AD3d 1001, 1004 [2007]; Matter of Daniels v Guntert, 256 AD2d 940, 943 [1998]). Plaintiffs submitted detailed affidavits and time sheets of *1237 counsel documenting counsel fees and costs of $4,427.11 in relation to the prior appeal, $539.59 with respect to the application for additional fees and $1,394.02 in connection with the present appeal. These amounts, which remain unchallenged, are fair and reasonable for the services rendered by plaintiffs’ attorney. Accordingly, defendant shall pay $6,360.72 to plaintiffs’ counsel within 180 days of this Court’s decision.
Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted and defendant is directed to pay plaintiffs’ counsel $6,360.72 within 180 days of this Court’s decision.