*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    522273
_____

JOHN L. BELL, Individually
   and as Shareholder of
   NORPCO RESTAURANT, INC.
   and BUTCHER BLOCK OF
   ALBANY, INC.,                            MEMORANDUM AND ORDER
                    Appellant,

      v

DAVID R. WHITE et al.,
                    Respondents.
_____


Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____


       Viscardi Howe & Rudgers LLP, Ticonderoga (Michael J. Hutter
of Powers & Santola, LLP, Albany, of counsel), for appellant.

       Fenney, Centi & Mackey, Albany (Daniel J. Centi of
counsel), for respondents.

_____


Peters, P.J.

       Appeals (1) from an amended order of the Supreme Court
(Tomlinson, J.), entered February 12, 2015 in Albany County,
which awarded counsel fees to defendant, and (2) from the
judgment entered thereon.

       The facts of this protracted litigation have been fully
articulated in three previous decisions of this Court (112 AD3d
1104 [2013], lv dismissed 23 NY3d 984 [2014]; 77 AD3d 1241
[2010], lv dismissed 16 NY3d 888 [2011]; 55 AD3d 1211 [2008]) and
will not be repeated here at length.  Over a decade ago, the

parties entered into a stipulation of settlement that required defendant David R. White to purchase plaintiff's shares of defendant Norpco Restaurant, Inc.  Plaintiff thereafter unsuccessfully attempted, on more than one occasion, to set aside the stipulation and Supreme Court granted defendants' motion to enforce it.  When plaintiff's noncompliance with the stipulation persisted, he was twice found in contempt and ordered to pay counsel fees to defendants.  Upon appeal, we upheld both the enforcement and contempt orders (55 AD3d at 1214-1215).  Thereafter, Supreme Court entered an order awarding defendants counsel fees for legal services performed between June 2007 and July 2009.  This Court affirmed the scope of the fee award but, concluding that plaintiff was denied the opportunity to request a hearing on the reasonableness of the underlying fees, we remitted the matter for such a hearing (77 AD3d at 1245).  Following a hearing in October 2011, Supreme Court awarded counsel fees in the amount of $80,896.79.  We affirmed on appeal (112 AD3d at 1105).

Defendants thereafter moved for an award of additional counsel fees for services rendered since the prior award, including, among other things, fees incurred in connection with the October 2011 hearing and in defending against plaintiff's various attacks upon the prior award.  After a hearing, Supreme Court issued a comprehensive order that carefully assessed the factors relevant to the reasonableness of the fee request and awarded counsel fees of $28,149.35, in addition to the sums previously ordered.  This appeal by plaintiff ensued.

We affirm.  "Counsel fees that are documented and directly related to contemptuous conduct are generally recoverable unless proven excessive or reduced in a court's reasoned decision" (Matter of Evans v Board of Assessment Review of Town of Catskill, 300 AD2d 768, 768-769 [2002] [citations omitted]; see Judiciary Law § 773; Hamilton v Murphy, 100 AD3d 1235, 1236 [2012]).  Here, the invoices submitted by defendants, taken together with counsel's detailed testimony at the hearing, sufficiently particularized the costs incurred in connection with the continued litigation of the counsel fee award and in defending appeals, applications and motions related thereto, all of which flowed directly from plaintiff's contemptuous actions

(see Hamilton v Murphy, 100 AD3d at 1236-1237; Bell v White, 77 AD3d at 1245; Matter of Lembo v Mayendia-Valdes, 293 AD2d 789, 790 [2002]).  Supreme Court found the documented fees to be fair and reasonable for the services rendered by defendants' attorney and, as plaintiff presented no evidence at the hearing to suggest otherwise, we find no basis upon which to disturb the award (see Bell v White, 112 AD3d at 1105; Matter of Lembo v Mayendia-Valdes, 293 AD2d at 790-791; Matter of Daniels v Guntert, 256 AD2d 940, 943 [1998]).  Plaintiff's remaining challenges to the counsel fee award are lacking in merit.

Finally, plaintiff continues his attack upon the validity of the underlying stipulation of settlement and the finding of civil contempt.  We again remind plaintiff — as we did when this matter was last before us — that these issues have been squarely resolved by this Court in a prior appeal.  Accordingly, plaintiff's continuing arguments on those points are barred by the law of the case doctrine "and, despite his protestations, we perceive no legitimate basis upon which to revisit them" (Bell v White, 112 AD3d at 1105; see Beneke v Town of Santa Clara, 45 AD3d 1164, 1165 [2007], lv denied 10 NY3d 706 [2008]; Shawangunk Conservancy v Fink, 305 AD2d 902, 903 [2003]).

McCarthy, Garry, Rose and Mulvey, JJ., concur.


ORDERED that the amended order and judgment are affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court