Taylor v Gumora (2020 NY Slip Op 00241)





Taylor v Gumora


2020 NY Slip Op 00241


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10773 104299/12

[*1] Cathy Taylor, Plaintiff-Appellant,
v
Denise Gumora, et al., Defendants-Respondents.


Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for appellant.
Law Office of Harry Kresky, Bronx (Harry Kresky of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 4, 2018, which granted plaintiff's motion and defendants' cross motion only to the extent of ordering a special meeting followed by an election within 45 days of the decision date, and otherwise denied the motions, unanimously affirmed, without costs.
Plaintiff, a shareholder in 702 East Fifth Street Housing Development Fund Corporation (the co-op), failed to establish, by clear and convincing evidence, that defendants, the co-op's board of directors, were in contempt of the IAS court's October 2017 order (see El-Dehdan v El-Dehdan, 26 NY3d 19, 28 [2015]; see also Tener v Cremer, 89 AD3d 75, 78 [1st Dept 2011]). The IAS court mandated that the parties hold a special meeting with new elections within 60 days, follow the co-op's by-laws, and address each other's complaints or requests within 10 business days. Plaintiff did not establish that defendants failed to hold the special meeting or breached the co-op's bylaws. Indeed, the documents submitted by the parties reflect that defendants scheduled the special meeting with plaintiff's input and made good faith efforts to reach an agreement with her regarding the agenda items for the meeting. Defendants also acted in accordance with the bylaws and internal policies by requiring that plaintiff follow the formal procedure to inspect the co-op's financial statements. Plaintiff, however, failed to attend the court-mandated special meeting.
Since plaintiff failed to show that defendants violated the IAS court's order, she is not entitled to attorneys' fees (see Kiperman v Steinberg, 234 AD2d 518 [2d Dept 1996] [finding of civil contempt was prerequisite for imposing attorney fees]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK